THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.* ELISHA SWAN, *v.* EPHRAIM CAMERON, Sheriff of Pike county.

### *Motion for a Mandamus.*

By the service of the writ in cases of attachment, the plaintiff acquires a qualified lien on the estate attached, for the satisfaction of his particular debt, which may become perfect when the debt is merged in a judgment; and if personal property is attached, the possession is transferred to the sheriff.

The ninth section of the Attachment Act, allows the defendant to retain possession of the property attached until judgment, on his giving bond that the property shall be forthcoming, but the lien of the attachment, as between the parties, still subsists. The sheriff, however, may retake the property on a breach of the condition of the bond. The suit still progresses as a proceeding *in rem.*

An attachment lien may be divested, and the attachment dissolved, if the defendant will give bond for the payment of whatever judgment may be recovered by the plaintiff, within ninety days after its rendition. When this is given, the case ceases to be a proceeding *in rem*, the property is restored, the garnishee discharged, and the suit proceeds in the same manner as if originally commenced by summons. The giving of the bond is regarded as an appearance.

The fourteenth and twenty second sections of the Attachment Act do not contemplate a release of the estate of the debtor attached, by his merely giving a bond for the surrender of his person.

The provisions of the fourteenth chapter of the Revised Statutes are not applicable to proceedings by attachment, but only to those cases in which a *capias ad respondendum* issues in the first instance.

THIS was an application to this Court for a writ of *mandamus* to command the Sheriff of Pike county to receive a bail bond executed by the defendant in attachment, and to release the property attached. The parties appeared and discussed the merits of the application, and the Court determined it, as if the motion was for a peremptory *mandamus*, which determination was adverse to the application, with an award of costs, against the relator.

The Opinion of the Court embodies, specifically, the facts in the case.

*J. J. Hardin & D. A. Smith,* for the relator.

*Mandamus* is the proper remedy of an injured party, when he has no other. *Marbury* v. *Madison*, 1 Peters' Cond. R. 267; 3 Black. Com. 123; 1 Cowen, 417; *The People*

*v. The Corporation of Brooklyn*, 1 Wend. 318; *The People v. Pearson*, 2 Scam. 206, note.

The following were cases of *mandamus* against different officers: *The People* v. *Auditor*, 1 Scam. 538; *Same* v. *Pearson*, 2 do. 206; *Same* v. *Fletcher*, Ib. 483; *Street* v. *Co. Com'rs of Gallatin Co.* Bre. 25; *Hull* v. *The Supervisors of Oneida Co.* 19 Johns. 259; *Ex Parte* Calvin Goodell, 14 do. 325; also, the various cases in Massachusetts referred to in Minot's Digest, 466.

A peremptory *mandamus* will be issued, if the facts are admitted or clearly proven. *The People* v. *Pearson*, 1 Scam. 462; *Same* v. *Same*, Ib. 473; *Ex Parte* Jennings, 6 Cowen, 526.

An appearance may be entered in vacation, by filing with the clerk a paper stating an appearance. 1 Duer's Pr. 393, 395; 1 Tidd's do. 210; Stephen's Pl. 323; 1 Chitty's Pr. 122; 1 Smith's Ch. Pr. 158.

The object of an attachment is to compel the party to appear. 6 Har. & Johns. 201.

The bail bond offered in this case was prepared under the second section of the law concerning bail. The terms, "put in bail," have a distinct, legal meaning, and have been construed to mean, giving *special bail.* Sergeant on Attachment, 34.

Under laws precisely similar in phraseology to ours, attachments are dissolved by the defendant's appearance and giving special bail. Ibid 34, 130, 288; *Barry* v. *Foyles*, 1 Peters, 315: *McRea* v. *McLean*, 3 Porter, 142–3; *Wilson* v. *Starr*, 1 Har. & Johns. 491; 2 Missouri, 57.

The fourteenth, twenty first and twenty-second sections of the Attachment Act clearly recognize the bail spoken of to be *special bail.* According to the latter section, on the putting in of the bail, the case stands as though the defendant was served with a *capias ad respondendum.*

S. T. *Logan*, for the respondent, cited 1 Bac. Abr. 333, and sections twenty one and twenty nine of the Attachment Act.

The attachment was issued in aid of the original suit because the defendant therein was about to withdraw his person and property from the State.

*Hardin,* in reply.

The defendant, by appearing and giving bail, agrees to pay the debt, or surrender his body to the process of the Court. This is all that should be required by law. To give a different construction, is to make the attachment law an engine of oppression in the hands of reckless affiants to prosecute and embarrass defendants.

The Opinion of the Court was delivered by

TREAT, J.* On the 27th day of December, 1845, John Baldwin commenced an action of *assumpsit* in the Pike Circuit Court against Elisha Swan. On the same day Baldwin filed an affidavit, in which he stated that Swan was indebted to him in the sum of $1250; and as he verily believed, Swan intended to depart from the State, and remove his property therefrom. Baldwin gave the requisite security, and a writ of attachment was issued against the estate of Swan, in aid of the action of *assumpsit.* To this writ the Sheriff made return, that he had summoned certain persons as garnishees, and levied on certain articles of personal property. On the 30th day of December, Swan executed a warrant of attorney empowering Hardin & Smith, Esqrs., to enter his appearance in both of the actions and defend them. Hardin & Smith, in pursuance of this authority, filed in the clerk's office a written appearance and plea in each of the cases. At the same time, Swan with three other persons as his securities executed a bond to the Sheriff, in the penalty of $2500, with a condition in the form prescribed in the third section of chapter fourteen of the Revised Statutes. This bond was tendered to the sheriff in discharge of the attachment. He admitted the securities to be good, but refused to accept it.

---

*WILSON, C. J. did not sit in this case.

The People *v.* Cameron.

On this state of facts, Swan now moved the Court for a *mandamus* commanding the sheriff to receive the bond, and restore the property attached. Both parties have appeared and discussed the merits of the application. We are to determine it, as if the motion was for a peremptory *mandamus.* In deciding this question, an interpretation must be given to some of the provisions of the ninth chapter of the Revised Statutes. The chief object of this chapter is, in certain specified cases, to place the estate of the debtor under the immediate control of the law, and subject it to the payment of his debts. By the service of the writ, the plaintiff acquires a qualified lien on the estate attached, for the satisfaction of his particular debt, which may become perfect when the debt is merged in a judgment. Where personal property is attached, the possession is transferred to the sheriff. The ninth section allows the defendant to retain the possession until judgment, on his giving security that the property shall then be forth coming. This section only relates to the possession.

The lien of attachment, as between the parties, at least, still subsists. The sheriff may retake the property on a breach of the condition of the bond. The suit still progresses as a proceeding *in rem.* Under the twenty ninth section, the defendant may divest the lien and dissolve the attachment, by giving security for the payment of whatever judgment may be recovered by the plaintiff, within ninety days after its rendition. When this security is given, the case ceases to be a proceeding against the estate. The property is restored, and the garnishees discharged. The suit then proceeds as if originally commenced by summons. The giving of the bond is regarded as an appearance. These are the only bonds authorized by this chapter to be given to the defendant. By the one, he retains the possession of the property till judgment; by the other, he releases it entirely from the control of the attachment.

The bond allowed by the ninth section is to be made payable to the sheriff, who is to approve of the security. The bond authorized by the twenty ninth section may be entered

The People *v.* Cameron.

into in vacation. If so, it is to be made payable to the sheriff, and the security is to be approved by him. If made in term time, it is payable directly to the plaintiff, and the Court is to approve of the security. The bond tendered in this case is not a compliance with the provisions of either of these sections. The condition is altogether different.

The fourteenth and twenty second sections of the chapter have been referred to, as showing that the defendant may bring himself within the operation of the general law respecting bail. In our opinion, these sections only refer to other provisions of the same chapter, and do not contemplate the release of the estate attached by any other mode than the one prescribed in the twenty ninth section. By this mode, the defendant is required to give security for the absolute payment of the debt, in order to discharge the attachment; and we can hardly suppose that the legislature intended that he might accomplish the same purpose by merely giving security for the surrender of his person. It was also insisted, that the provisions of the chapter, under which the bond was given, are broad enough to embrace proceedings by attachment. We cannot acquiesce in such a construction. That chapter is solely applicable to cases in which a *capias ad respondendum* issues in the first instance. It has no relation to proceedings *in rem*.

The application is denied, with costs against the relator.

*Motion denied.*