F. K. POTSHUISKY V. C. G. KREMPKAN.

26  307
85  614

Where a written contract for the erection of a building was entered into between a mechanic and another person, and was duly recorded to preserve the mechanic's lien, but in the erection of the building a larger amount became due to the mechanic than was stipulated in the contract; *held*, that there was no lien in favor of the mechanic for the excess over the amount provided for in the written contract.

But where, in the written contract for the erection of the building, it was stipulated that the mechanic should have and retain the possession of the premises until he should be paid for the work specified in the contract; and subsequently the owner executes a deed of trust upon the property securing the mechanic in the payment of a sum larger than, but inclusive of, the amount due him under the written contract; and soon afterwards the owner goes into possession of the premises as a tenant of the mechanic, and occupies the premises thenceforth as his homestead: *Held*, that notwithstanding the property had so become the homestead of the owner, it was liable to sale for the payment of the whole sum secured by the deed of trust.

Under such circumstances, the debt secured by the deed of trust having accrued, and the deed of trust having been executed before the premises became the homestead of the owner, the beneficiary in the deed had the superior right to the property until the payment of the debt secured by the deed; and the owner could not by virtue of his occupancy of the property as his homestead, or by any other mere voluntary act of his, subsequent to the making of the deed, annul or discharge the encumbrance.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine.

On the 6th of March, 1857, one Otto Bombach instituted suit in the District Court of Bexar county against Potshuisky, the

appellant, for the enforcement of a mechanic's lien; and in his petition made the appellee, Krempkan, and several other persons, also, defendants, in virtue of rights and interests claimed by them in the property upon which the lien was sought to be enforced.    In the course of the subsequent proceedings, the suit was dismissed as to the plaintiff, Bombach, and all the defendants except Potshuisky and Krempkan ; but was retained for adjudication as between them.

Krempkan set up—1st. A contract in writing between himself and Potshuisky, of date April 3d, 1866, by which he engaged to do the brick work of a building in San Antonio, for which Potshuisky agreed to pay him $792, of which sum $700 was to be discharged in a specified tract of land; and it was stipulated in the contract that Krempkan was to have possession of the premises until he should be paid by Potshuisky.    This contract was duly recorded to preserve the mechanic's lien.    2d. A deed of trust on the premises, of date November 1st, 1856, by which Potshuisky secured Krempkan in the payment of two notes of same date, amounting to $1111, executed by Potshuisky to Krempkan.    3d. A written agreement, of date November 4th, 1856, by which Krempkan leased the premises to Potshuisky at $15 per month. At subsequent stages of the case, Krempkan acknowledged satisfaction of his demands to the extent of $880.

Potshuisky claimed that the mechanic's lien was more than discharged by the $880, of which Krempkan acknowledged the receipt; and contended that, inasmuch as the premises were his homestead, the deed of trust could not be enforced upon the property.

There was verdict for Krempkan for $279 99, and special issues found in his favor with regard to the character of Potshuisky's occupancy of the property and execution of the deed of trust.    Judgment was rendered for the amount of the verdict; and it was further decreed, "that the mechanic's and builder's lien of said Krempkan upon the house and lot (describing the premises) be recognized and enforced, and that said premises be sold to satisfy this judgment, unless otherwise paid."    A new trial was refused, and Potshuisky appealed.

*S. G. Newton,* for appellant.

*N. O. Green,* for appellee.

MOORE, J.   The appellant insists, that as it appeared at the time of the trial, that he had paid appellee more than the amount he had agreed to pay him for the masonry work in the first contract that was made between them, appellee's mechanic's lien was extinguished; and although he should have had judgment for the additional amount that was still due, yet as the premises were appellant's homestead, appellee was not entitled to a decree for their sale by virtue of his trust deed.

This position, however, we do not think can be successfully maintained.   Although the amount for which appellant executed the notes sued on, to secure payment of which the deed of trust was given, is larger than that mentioned in the first contract, yet as the work done by appellee in building the house seems to have been the only consideration for which they were given, we infer that the additional amount must have been for additional work not stipulated for in the first contract.   If this were the case, we think, as appellant insists, that appellee could not rely upon his mechanic's lien as a security for it, because this would be for work not done under a contract in writing.

But appellee's right to a decree for a sale of the premises does not depend, as appellant seems to suppose, simply upon his statutory mechanic's lien.   The entire amount of the debt now sued on, whether it was entirely for the building of the house or not, accrued, and the deed of trust to secure its payment was enacted, before the premises became appellant's homestead; and by express contract between them, appellant went into possession of the premises as appellee's tenant, and held them under him and in subordination to his lien.

Appellant could, under these circumstances, with no more propriety set up a claim to the premises against appellee, than if he had entered upon them and made them his homestead, without having completed the payment of the purchase money for the lot. Until the payment of the debt, with which the premises were

Grimes v. Bastrop.

charged by his voluntary contract; appellee had the superior right to them, and appellant could not, by any mere subsequent acts of his, annul or destroy it.

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.