## HANNAHS v. FELT.

15   141
101   311
  15   141
131   138
131   154

1. STATUTE CONSTRUED : DISCHARGE OF SOLDIER'S PROPERTY FROM LEVY. The first section of "an act to exempt the property of Iowa volunteers in the military service of the United States, from levy or sale" (chap. 113, Laws of 1862), does not apply to property levied upon by attachment.

2. POWER OF LEGISLATURE TO DIVEST ATTACHMENT. The current of authorities seems to hold that the levy of an attachment upon property creates a real lien, which can be divested only by a dissolution of the attachment; and that while the Legislature may suspend the sale of the same, it cannot discharge the lien absolutely.

*Appeal from Chickasaw District Court.*

WEDNESDAY, OCTOBER 7.

SUIT by attachment commenced in July, 1861. The cause was continued till the July Term, 1862, at which time counsel for the defense moved the court for an order to release the property attached, on the ground that the

defendant was in the actual military service of the country. The motion was sustained, and the plaintiff appeals.

*A. G. Case* for the appellant.

I. The act upon which the appellee relies does not apply to goods held by virtue of an attachment. See Laws 1862, p. 128. It was subsequently amended by the Legislature, in extra session. Laws of Extra Session, 1862, p. 9.

II. It will not be construed to have a retrospective operation to destroy vested rights. 10 Iowa, 470; 12 Id., 393; 1 Kent, 501; 4 Denio, 374.

*Milo McGlathery* for the appellee, relied upon *Brutenbach*. v. *Bush*, Supreme Court of Pennsylvania, Leg. Int. of March 6, 1863.

LOWE, J.—The motion referred to was based upon the first section of an act to exempt the property of Iowa volunteers in the military service of the United States from levy, or sale, approved April 7th, 1862.

We are not of the opinion that the language of said section is sufficiently comprehensive to include property levied upon by the attaching process. Indeed, the enacting clause of said section limits, in terms, the exemption aforesaid to levies or sales under deeds of trust or mortgages, or under and by virtue of any execution issued upon the judgments and decrees of the Court, and not otherwise.

If it extends to levies by attachment, it must be by virtue of what is contained in the following proviso to the enacting clause: "*Provided,* That when property has been duly levied on and sold, or disposed of before the officer selling or disposing of the same had knowledge of the passage of this act, the same proceeding shall be had as if this act had not been passed, and that in all other cases where property has been levied on, it shall be restored to the party from whom taken and the levy discharged, and the

costs that have accrued shall, if in the District Court, be entered in the judgment docket and fee book, and if in the Justice's Court, in his docket, and thereafter become a part of the judgment."

It will be perceived from the language employed in the beginning, and more especially in the close, of this proviso, that its meaning, when viewed in connection with the expressed object of the enacting clause, must necessarily be confined to levies by virtue of executions under judgments and decrees of the Court, when the property is to be sold and finally disposed of, and that it does not include levies by attachment, which are only effectual as liens, but suspended in their operation by another act of the Legislature, with the suits of which they are the auxiliaries, during the period of defendant's actual military service.

This being our interpretation of the statute under which the question arises, it would seem unnecessary to advert to the main point of discussion, in regard to the competency of the Legislature to pass a retrospective act, rendering inoperative and nugatory an attachment lien regularly acquired under existing laws, anterior to the enactment thereof, as contended for by the appellees in this case. Still we have but little hesitancy in expressing the opinion that the current of authorities hold that the actual service of an attachment upon property creates a real lien thereon which nothing subsequent can destroy but the dissolution of the attachment. It is true such lien can be made available to the plaintiff only, upon condition that he recover a judgment in the suit, and proceed according to the requirements of the law to subject the property to sale under execution. But when this is done and questions arise as to the title of property claimed through the attachment, and the judgment and execution following it, the rights so acquired look back for their inception, not to the date of the judgment, but to the attachment. This shows the strength and value of an

attachment lien. In the case of *Carter* v. *Champion,* 8 Conn., 549, it was held that such a lien was as specific as if acquired by the voluntary act of the debtor, and adjudged to stand on as high equitable ground as a mortgage. In support of the above principles, see also, Drake on Attachments, sections 218–221, 226 and 233 ; also, *Goore* v. *McDaniel,* 1 McCord, 480 ; *Peck* v. *Webber,* 7 How. (Miss.), 658 ; *Smith* v. *Bradstreet,* 16 Pick., 264 ; *The People* v. *Cameron,* 7 Ill., 468 ; *Lyon* v. *Sanford,* 5 Conn., 544.

Now, while it may be competent for the Legislature, under the present great military exigencies of the country, to pass a law to postpone or suspend, for a given period, the foreclosure of mortgages and deeds of trust which had been executed by volunteers in the service, yet we apprehend no one would claim that the Legislature could rightfully, by any act they could pass, render wholly nugatory and inoperative such securities, because the makers thereof had entered the military service of the country, and, indeed, it has not done so, but simply declared that such securities should not be enforced for a specified period of time, we do not insist that attachment liens possess the same solemnity as do mortgage securities, but that, when acquired by virtue of existing laws, they do secure rights too substantial to be annulled by a subsequent act of the Legislature, and that, in the case supposed the most that the Legislature could do would be to suspend and not to destroy such liens. We, therefore, conclude that the Court below erred in releasing the property attached, and its order to that effect will be

Reversed.