## LORD v. ALLEN, Adm'r.

**Attachment: EFFECT OF DEFENDANT'S DEATH.** The rule recognized in some of the States, that the death, before judgment, of a defendant whose personal property has been attached in the proceeding, dissolves the attachment and passes the property to the administrator to be distributed among the creditors, does not prevail in this State.

*Appeal from Linn Circuit Court.*

THURSDAY, JUNE 20.

THE plaintiff commenced an action against M. H. Crosby on a promissory note, and asking a writ of attachment. The petition was filed June 16th, 1871, the writ issued, and on the same day certain personal property belonging to Crosby was attached thereon. On the 7th day of December, 1871, Crosby died, and, on the 27th day of January, 1872, the defendant, as the personal representative of the deceased, appeared, was substituted as defendant, and filed a pleading

claiming the property attached as assets of the estate of the deceased, and asked a dissolution of the attachment.

The court upon a final trial rendered judgment for plaintiff on the note, and ordered that a special execution issue for the sale of the attached property. Defendant excepted and appeals.

*E. Latham* for the appellant.

*Thompson & Davis*, for the appellee.

MILLER, J. — Appellant insists that, upon the death of Crosby, before judgment, and the appointment of appellant as administrator, the attachment was dissolved, and the administrator became entitled to the attached property for the benefit of all the creditors; and, in support of this position, he cites a number of cases from other States. Without entering upon a review of these cases, we are of opinion that under the statutes of this State such is not the law here.

The basis of appellant's argument is that personal property attached is in the custody of the law, for the benefit of all parties interested, and that the plaintiff has no lien thereon. Our statute (§ 3215 of Rev. of 1860) provides that " property attached otherwise than by garnishment is *bound* thereby, from the time of the service of the attachment only." In *Day* v. *Griffith,* 15 Iowa, 104; it is held that an attachment levied on personal property, creates a lien in favor of the plaintiff prior to that of a chattel mortgage on the same property, executed by the mortgagor, but not delivered to, or accepted by, the mortgagee till after the levy of the attachment, although such mortgage had been filed for record by the mortgagor prior to the levy. So, also, it is held in *Norton et al.* v. *Williams,* 9 Iowa, 528, that the plaintiff in an attachment acquired a lien upon whatever interest the defendant, at the time, had in the property attached. In *Hannahs* v. *Felt,* 15 Iowa, 141, it is

Lord v. Allen.

held, that the actual service or levy of an " attachment upon property creates a *real lien* thereon, which *nothing* subsequent can destroy, but the dissolution of the attachment."

The learned judge delivering the opinion of the court in that case says : " It is true such lien can be made available to the plaintiff only upon condition that he recover a judgment in the suit ; and proceed according to the requirements of the law to subject the property to sale under execution.   But when this is done and questions arise as to the title of property claimed through the attachment, and the judgment and execution following it, the rights so acquired look back for their inception, not to the date of the judgment, but to the attachment."   " This," it is further said, " shows the strength and value of an attachment lien."

It may be considered settled in this State, that an attachment lien, upon personal property, rests upon as high grounds, and is of equal binding force with that of a mortgage.   See cases cited in *Hannahs* v. *Felt, supra,* on p. 144.

. It will not be claimed that the death of the mortgagor of personal property, before foreclosure would have the effect to remove the lien of the mortgage.   For the same reasons the death of the original defendant herein, would not have the effect to destroy the attachment lien obtained prior to, and still subsisting at the time of, his decease.

The conditions upon which this lien could be made available, have been complied with, the plaintiff has obtained his judgment in the action, and thereupon became entitled to an execution for the sale of the attached property.   There was no error, therefore, in the order of the court appealed from.

Affirmed.