MOLLIE E. CHIPMAN v. E. A. McKINNEY ET. AL.

1. HOMESTEAD—TRUST DEED.—An unoccupied lot, being community property conveyed by the husband to a trustee to secure a debt, does not become entitled to exemption as against the enforcement of such trust by the subsequent residence upon and occupation as a homestead of such lot.

2. INJUNCTION.—An injunction obtained by the wife against such trust sale held to be properly dissolved.

ERROR from McLennan. Tried below before the Hon. J. H. Banton.

Mollie E. Chipman obtained a temporary injunction against E. A. McKinney, trustee, restraining him from selling a lot in Waco, claimed as the homestead of herself and family under a deed of trust executed to him by E. L. Chipman, October 1, 1872, to secure a note to Speight & Elgin. The petitioner alleged also that her husband refused to join her in the suit, and asked that on hearing the trust deed be canceled and the trustee perpetually enjoined from sale, &c.

The trustee, McKinney, and the beneficiaries, Speight & Elgin, answered, alleging that "the lot was the community property of E. L. Chipman and Mollie Chipman; that E. L. Chipman had executed the trust deed for the lot; that it was not the homestead of plaintiff, and at the time of the execution of the conveyance the lot was vacant, without house or other improvement going to make up a homestead;" that the said lot was conveyed to said E. L Chipman on 1st October, 1872, by D. R. Wallace, in fee simple, and as the two conveyances were contemporaneous it was impossible that plaintiff could have acquired homestead rights in the land that were not secondary and subservient to the rights of defendants.

Plaintiff by amendment alleged that she and her family resided on the lot as their homestead, "and have been for a great while, and that she and family have no other homestead; that she was not a party to the making and delivery of the promissory note and deed of trust," under which the trustee was acting; "that she and family moved upon the said lots and improved the same in part with her separate funds, without knowledge or information on her part that said promissory note and deed of trust were in existance or had ever existed; that the said improvements are permanent and valuable, and were made on her part *bona fide* with a purpose to get a homestead for herself and family."

The injunction was dissolved and bill dismissed, from which plaintiff appealed.

No briefs came to hands of the reporters.

MOORE, ASSOCIATE JUSTICE.—In the view we take of the leading question presented by the record in this case, it is unnecessary to determine whether a threatened sale of a homestead, under a trust deed which is not a valid charge upon the property at the date of the proposed sale, will be

restrained by injunction on the application of the wife, without the husband being a party to the suit, though it appears from the petition that he refused to join therein.

The lots which the trustee advertised for sale are admitted to be the community property of appellant and her husband; and there is no pretense that they are the homestead, or were intended to be appropriated for this purpose, at the date of the execution by the husband of the trust deed under which it is alleged in the petition they were about being sold. Unquestionably, the property was at the date of the deed subject to alienation, or any *bona fide* disposition which the husband might see fit to make of it. Unless the bare fact that the lots subsequently improved, with the knowledge of the beneficiaries in the deed, in part with the separate funds of the wife, have since the execution of the trust deed been appropriated as a homestead, exempts the property from sale in payment of the debt secured by the deed, there is no equity in the petition, and the judgment of the court below dissolving the injunction must be affirmed. That this proposition must be answered in the affirmative, admits, we think, of no doubt. The constitution, subject to the qualifications therein stated, exempts from forced sale or alienation by the owner, if a married man, unless with the consent of the wife in such manner as may be prescribed by law, the homestead of the family. But it is sufficient for the disposition of this case for us to say, that as there is no pretense under the construction placed upon this section of the constitution, that this is a forced sale, and as the deed was executed in manner and form prescribed by law, appellant plainly fails to show that she is entitled to the protection of the court which she asks. And as it is now settled, a sale by the trustee under a deed, such as alleged in the petition, to raise money secured upon a homestead, in the execution of which the wife has joined as prescribed by the statute, will pass the title of the homestead, it must also be held, as the

deed here in question was executed as required by law, it also created a trust upon the property, by which, in case of default, it is subject to sale with like consequence.

There is no error in the judgment, and it is therefore

AFFIRMED.