C. J. T. BAIRD v. J. S. TRICE.

1. JUDGMENT—RELEASE.—When error has been committed in the inferior court by the rendition of a judgment *in personam*, and the appellee releases his recovery *pro tanto* by written release filed in this court, such error is no cause for reversal, but the judgment in

that regard will be reformed, if there be other issues involved, with reference to which appellee is entitled to an affirmance.

2. HOMESTEAD—LIEN—ATTACHMENT.—After an attachment lien is fixed on land, no such homestead rights can be subsequently acquired as will defeat the prior lien of the attachment.

3. CASE OVERRULED.—Stone *v.* Darnell, 20 Tex., 11,—which, in effect, decides that a purchaser of land at sheriff's sale, under valid judgment, acquires no title as against the judgment debtor, who claimed and occupied the land as a home, for the first time, after the levy of execution and before the sheriff's sale,—overruled.

4. SALE—EXECUTION.—A sale under execution relates back to the date of the levy, and will override rights which are subsequently acquired. To this rule, homestead rights subsequently acquired form no exception.

APPEAL from McLennan. Tried below before the Hon. X. B. Saunders.

September 27, 1873, Trice brought suit against Baird, alleging that Baird was indebted to him by reason of several judgments, described in the petition, recovered by appellee against appellant before a justice of the peace in the State of Tennessee, and that appellant owned a certain tract of land situate in McLennan county, State of Texas, which was fully set forth by metes and bounds, and that he was a non-resident of this State.

Trice filed affidavit and bond for attachment. In his petition he prayed for attachment against the land described; for judgment against defendant for debt and costs; and for a decree foreclosing the attachment lien.

The attachment was issued and levied on the land described in the petition, September 27, 1873.

Appellant moved to quash the attachment, for reasons not necessary to notice, in view of the opinion.

On April 7, 1874, appellant filed his answer.

On the 18th of December, 1874, appellant filed an amended answer, in which he alleged that he was not a non-resident of the State of Texas; that on the —— day of ——, 186-, he purchased the land attached in this suit and settled upon the same with his family, and occupied the same as his home-

stead, with the full intention of making it his permanent home; and that his said intention has never been changed, and he has never abandoned his said home. That it is true, complications in his pecuniary affairs required and forced him to leave his home in Texas and return temporarily to his former place of residence in the State of Tennessee, and that for greater convenience he took his family with him and rented out his home in Texas; that he always intended to return to Texas, and prayed to be protected in his homestead rights.

On April 23, 1875, appellant filed amended answer, reiterating, in substance, the same allegations. On May 3, 1875, appellee filed a replication to these amendments, alleging, in substance, that at the time of filing his petition appellant was a resident of the State of Tennessee, and had been for many years previous, and had and was occupying a homestead in Tennessee at the time this suit was instituted, "and still occupies it, and has never abandoned his homestead in Tennessee."

On the 29th of May, 1876, appellant filed another amended answer, alleging that he had been adjudged a bankrupt, and that proceedings in bankruptcy "are now pending in the District Court of the United States for the Western District of Texas." Thereupon there appears an order of court continuing the cause to await action of the Bankrupt Court.

On December 15, 1876, appellant again amended, alleging, in substance, that on the —— day of ——, 1876, he "was duly discharged in bankruptcy by the United States Court, sitting in bankruptcy at Austin," and further, that he "is now living with his family on the land attached as his homestead, and that he has no other homestead."

To this appellee replied, that his suit was instituted and the attachment therein was levied more than one year preceding appellant's application for discharge in bankruptcy.

The above is the substance of all the pleadings on which evidence was submitted.

On these issues the cause was submitted to the court, waiving a jury, and a judgment was rendered the 16th day of December, 1876, in favor of appellee, for $2,495.42 and costs of suit, and a decree for the sale of the land attached, and overruling appellant's motion to quash the writ of attachment.

The assignment of error prominent in this case involves the question of precedence between an attachment lien on land and a subsequently-acquired homestead right. The testimony as to homestead rights in the land at the time of the levy of attachment was conflicting.

*S. H. Renick*, for appellant.

*Herring, Anderson & Kelley*, for appellee.

BONNER, ASSOCIATE JUSTICE.—The first and fifth errors assigned are waived by appellant.

1. The second error assigned is, that the court erred in rendering a personal judgment against the defendant after his discharge in bankruptcy.

If it be admitted that there was error in rendering such personal judgment, this has been cured by written release of same filed by appellee in this court.

2. The third error assigned is, in substance, that the court erred in foreclosing the attachment lien, because the land was the homestead of appellant at the time when attached.

It is a sufficient answer to this alleged error to say that the testimony was conflicting as to whether the land was at that date the homestead of appellant, or whether it had been abandoned as such previously, when he left the State of Texas and went to Tennessee; and as under the general judgment for appellee this issue has been found in his favor, this court will not disturb it.

3. The fourth error assigned is as follows: "The court erred in ordering a sale of said land, because the land was a homestead at the time the decree was rendered."

The testimony shows that subsequent to the levy of the attachment, and prior to the date of the judgment enforcing the same, the appellant returned from the State of Tennessee and occupied the land as a homestead.

The legal effect of the judgment, being that the homestead had been abandoned, and that the land was not owned as such at the date of the levy of the attachment, the question presented under this alleged error is this: Is a prior attachment lien upon land lost, for the reason that subsequent to the levy, but before the rendition of the judgment enforcing the lien, the land was occupied by the defendant in attachment as a homestead? Or, in other words, which is superior, a prior attachment lien or a subsequently-acquired homestead right?

That the homestead right would be superior, has, in effect, been decided by this court in Stone v. Darnell, 20 Tex., 11.

Although we have the very greatest respect for the learned court which decided that case, and would not needlessly deface a single impress made by it upon our judicial structure, yet we feel constrained to say that the decision has never met with the unqualified approval of the profession, and, in our opinion, cannot be sustained on sound legal principles.

It has gradually been encroached upon by subsequent adjudications of this court. (Potshuisky v. Krempkau, 26 Tex., 307; Chipman v. McKinney, 41 Tex., 76; Mabry v. Harrison, 44 Tex., 286; Railroad Co. v. Winter, 44 Tex., 597; Clements v. Lacy, supra, p. 150.)

A different rule prevails in other States of the Union. (Thompson on Homestead and Exemption, secs. 317–323, and authorities cited in notes.)

While we are disposed to uphold by a very liberal construction the homestead exemption, which, with proper limitations, we think is consistent with the wisest public policy, yet we cannot assent to such a construction as would infringe upon the just rights of others, which also demand protection from the courts of the country.

The sound principle of morality and equity, that we should be just before we are generous, should apply to the departments of government which represent the sovereignty of the people, as well as to the individual members who compose this sovereignty.

We can readily see the wisdom of that policy which exempts the homestead of a debtor, acquired in good faith, from the claim of the creditor which is not secured by a lien thereon, and which was contracted with the knowedge that the homestead would not be subject to forced sale for its payment; but we fail to perceive either the wisdom or justice of that policy which would sacrifice a previously-acquired legal lien of the creditor upon land which was not then the homestead, to the subsequent demand of the debtor to exempt it from payment for a just debt, by means of which, perhaps, the party had been enabled to acquire this property.

It is the duty of every good government to protect alike the just claims of all its citizens.

It is a well-established principle, that a sale under an execution relates back to the date of the levy, and will override rights which are subsequently acquired and subordinate to the lien of the levy; and it is not believed that the homestead right, either on sound principle or on the weight of authority, should be an exception to the rule, or that a prior attachment lien should not prevail over the exemption of a subsequently-acquired homestead. (Tuttle *v.* Turner, 28 Tex., 773.)

The levy of the attachment created a lien upon the land, and it may be very gravely doubted whether the Legislature had the constitutional power—if indeed the law should clearly show such to have been the intention—to pass a homestead law which would impair such vested right.

In the case of Hannahs *v.* Felt, 15 Iowa, 141, it is decided, that the current of authorities seems to hold that the levy of an attachment upon property creates a real lien which can be divested only by a dissolution of the attachment, and that

while the Legislature may suspend the sale of the property, it cannot discharge the lien absolutely.

It is there said that in the case of Carter *v*. Champion, 8 Conn., 549, it was held, that such lien was as specific as if acquired by the voluntary act of the debtor, and adjudged to stand on as high equitable grounds as a mortgage. In support of the above principles, reference was made to Drake on Attachments, secs. 218–221, 226, 233; Goore *v*. McDaniel, 1 McC., 480; Peck *v*. Webber, 7 How., (Miss.,) 658; Smith *v*. Bradstreet, 16 Pick., 264; People *v*. Cameron, 7 Ill., 468; Lyon *v*. Sanford, 5 Conn., 544.)

In the cases of Bullene *v*. Hiatt, 12 Kan., 98; Robinson *v*. Wilson, 15 Kan., 595; and Kelly *v*. Dill, 23 Minn., 435, it is decided, that the owner cannot, by making the land his homestead, defeat the lien of an attachment previously acquired.

In this last case it is said: "The liability to seizure implies the liability to sale. The right to sell is fixed by the seizure. Such right is, from the time the lien attaches by the seizure, a vested right and property. In this respect there is no difference between a lien secured by a levy of an attachment, and one secured by the docketing of a judgment or by the levy of an execution, except that it may be defeated by dissolution of the attachment or by failure to obtain judgment. There is no reason to suppose from the language either of the Constitution or of the statute, that it was intended to give to the debtor the power, by his own act, to deprive others of rights previously obtained in his property. They could be deprived of such rights only by due process of law." (23 Minn., 439, citing Tuttle *v*. Howe, 14 Minn., 145.)

We are of opinion that there was no error in the action of the court in adjudging that the previously-acquired attachment lien was superior to the subsequent homestead right; and the case of Stone *v*. Darnell, 20 Tex., 11, in so far as it conflicts with this conclusion, is overruled.

The appellee virtually confesses error by releasing the per-

36

sonal judgment against appellant, and to this extent the judgment is reversed and reformed, but in all other respects is affirmed; the costs of this court to be taxed against appellee.

REFORMED AND RENDERED.