## H. D. BROOKS AND WIFE v. R. K. CHATHAM.

### SUPREME COURT, AUSTIN TERM, 1882.

*Homestead—Rural homestead in separate parcels—Designation of homestead—Mere intention not sufficient.—*B., the head of a family, owned and resided with his family upon a tract of land of seventy acres, and also owned a tract of twenty seven acres lying eight or ten miles distant, it being his intention to appropriate the latter, at some future time, as a homestead. He had made no preparation, nor done any act to manifest his intention to appropriate the same as a homestead, in any way, nor done any act reasonably calculated to give notice of his dedication of the same as a homestead.

*He'd,* That the same was subject to forced sale. If the land in controversy had been contiguous to the land upon which B. resided at the time he purchased the same, the two tracts, not exceeding the maximum area designated by the Constitution for the rural homestead, the same would at once have become a part of the homestead by virtue of the actual use of the land as a homestead, to which it would become attached in one common ownership in the absence of an intention not to make it a part of the homestead; but the lands being separate, the property could not become the homestead, or part thereof, by any fact less than would be necessary to designate the homestead originally. Mere intention to make a piece of land the homestead at some future time, is not sufficient to give it the homestead character.

Appeal from Cook county.—Potter & Lonius, for appellants. Davis & Garnett, for appellee.

Opinion by Stayton, J.—This suit was brought by appellee against the appellants to recover twenty-seven acres of land, title to which he derived through a judgment rendered in the County Court of Cook county, foreclosing an attachment lien thereon, acquired under the levy of an attachment made on the seventeenth of June, 1880, in a suit in which he was plaintiff, and H. D. Brooks, the appellant, was defendant. The appellant acquired title to the land by purchase, on the eleventh day of June, 1880, and claims that the land at the time of the levy of the attachment, and at the time of sale, was a part of his homestead, and therefore not subject to forced sale.

At the time of the levy of the attachment, and until about the third day of December, 1880, the appellant, with his family, lived upon a prairie farm in Grayson county, distant from the land in controversy, eight or ten miles. The cause was tried by the court, a jury being waived, and a judgment was rendered in favor of the plaintiff in the court below. The conclusions of fact and of law found by the court were asked and given by the court. The findings of fact are as follows:

"The defendant Brooks is the head of a family, having a wife and minor children; that he now has, and had at the time the land in controversy was levied upon by plaintiff, by virtue of the writ of attachment read in evidence by plaintiff, no land (beside the tract in controversy) except a prairie farm of seventy acres, in Grayson county, on which he then lived, about ten miles from the land in controversy.

"That the land involved in this suit was purchased by defendant, H. D. Brooks, on the eleventh day of June, 1880, and that it was the intention of said defendant, when he purchased the same, to appropriate it at some future time as a homestead. That being woodland, and his prairie farm having no timber upon it, this tract would be useful to defendant in keeping up his prairie place. That said defendant did not know that plaintiff's attachment was levied upon the land until about the first of November, 1880. That during the month of October, 1880, he hauled some corn to the land, and also moved a few hogs on the same, and that this was done with a view of appropriating the same as a homestead, and in furtherance of the purpose for which it was bought. That about the third day of December, 1880, defendant, with his family, moved on the land, and has resided there ever since. I further

find, that prior to the levy of plaintiff's attachment upon the land in controversy, the defendant had never occupied the same. That he had made no preparation, and had done no act to manifest his intention to appropriate the same as a homestead in any way, and had done no act reasonably calculated to give notice of his dedication of the same as a homestead."

This statement of the conclusions of fact is as favorable to the appellant as the statement of facts incorporated into the record justifies, and the court found that the land was subject to sale, and entered judgment for the appellee. If the land in controversy had been contiguous to the land upon which the appellants resided at the time he purchased the same, the two tracts not exceeding the maximum area designated by the Constitution for the rural homestead, the same would at once have become a part of the homestead by virtue of the actual use of the land as a homestead to which it would have become attached in one common ownership, in the absence of an intention not to make it a part of the homestead. (Campbell v. Macmanus, 32 Texas, 451.) But in the case under consideration, the lands being separate, the property could not become a part of the homestead, or homestead, by any fact less than would be necessary to designate the homestead originally.

The Constitution expressly provides that the rural homestead may consist of one or more parcels, and the fact that they may be distant several miles the one from the other, is immaterial; and in many cases, to enable the head of the family to maintain a prairie farm, it may be necessary to have woodland, which can only be obtained at a distance, even as great as was the distance between the two tracts of land in this case, claimed to be the homestead of the appellants; but where such lands are separated, there must be such use as will amount to designation of homestead of the subsequently acquired parcel, as fully as the same would be required in the original designation of homestead.

The Constitution does not determine how the homestead shall be designated; but its protection is extended only to that which is homestead; nor have we any statute which provides how the designation of the homestead shall be made, which is to be regretted; but it is settled by a line of decisions of this court that a mere intention to make a piece of land the homestead at some time is not sufficient to give it the homestead character. (Franklin v. Coffee, 18 Texas, 415; H. and G. N. Ry. Co. v. Winter, 44 Texas, 605.)

There must be something more than mere intention. There must

5B

be some act done which will evince an intention to use it as a home; or, if separated from the tract upon which the home of the family stands, to use it in some way, in connection with the home place, for the comfort, convenience or support of the family, or as a place of business for the head of the family.

It would be impracticable to lay down a general rule as to what shall constitute a designation to homestead use in all cases, sufficient to throw around two or more separate parcels of land the protection given by the Constitution to the rural homestead; but there must be something more than mere ownership, coupled with an intention at some time to use in connection with the parcel upon which the home stands, to protect other and detached parcels of land. Such designation must consist in the use of the detached parcel or parcels in connection with the home place, or in such preparation so to use as will clearly evidence the intention so to use; but this must vary according to the character of the detached parcel or land, and the purpose to which it is adapted, and for which it is intended.

The fact that the head of a family has a parcel of land upon which the family lives, and which thereby becomes entitled to protection as homestead, cannot attach such character to a detached parcel of land not used for the purposes for which the homestead exemption is given; otherwise, the exemption could be extended to something which is not homestead in fact. This was never intended by the Constitution.

The attachment having been levied upon the land in controversy prior to its designation as homestead, the subsequent appropriation of it to homestead use cannot protect it from sale under the lien thus acquired. (Baird v. Trice, 51 Texas, 559; Mabry v. Harrison, 44 Texas, 294; Chipman v. McKinney, 41 Texas, 77; Potshuisky v. Krumpkan, 26 Texas, 308.) The Constitution declares that no lien upon the homestead shall be valid; but it does not declare that property not homestead at the time a lien is acquired may thereafter become homestead, clothed with exemption from forced sale to satisfy such pre-existing lien. Those liens which the Constitu-declares invalid, are only such as are attempted to be given upon the property otherwise than they are permitted to be given by the Constitution, after the homestead character has attached thereto.

There was no error in rendering judgment against Mrs. Brooks, for by her answer she was in court as fully as though citation had

been served upon her, and the fact that a demurrer was sustained to her answer did not deprive the court of jurisdiction over her person.

There being no error in the judgment of the court below, the same is affirmed.