[No. 748.   August 23, 1898.]

SOUTHERN CALIFORNIA FRUIT EXCHANGE, Plaintiff in Error, v. MARTIN P. STAMM, Defendant in Error.

SYLLABUS BY THE COURT.

APPEAL — REVIEW — EXCEPTIONS — ATTACHMENT — JUDGMENT IN REM — PLEADINGS—HARMLESS ERROR.—1. This court will not review alleged errors, where exceptions were not taken out at the time and preserved.

2. An attachment is auxiliary where a personal judgment is sought, but it is an original attachment where a judgment *in rem* only is sought.

(a) The court has jurisdiction to render a judgment *in rem*, where a levy of defendant's property has been made under a valid writ of attachment, and service by publication had as required by law, notwithstanding the return of the officer was not made until after judgment was taken.

3. A plea tendering no issue, is frivolous and may be stricken from the files on motion, and it is not error to ignore it.

(a) Where the record, on appeal, does not show that a plea in abatement was not urged for hearing before the trial, it will be presumed to have been abandoned.

4. To render judgment for an amount in excess of plaintiff's claim is harmless error where the judgment is *in rem* only and the proceeds of the property levied upon and sold are insufficient to pay the amount actually due.

(a) A remitter of the excess in such a case is unnecessary.

*Error*, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo county.    Affirmed.

The facts are stated in the opinion of the court.

WARREN & FERGUSSON and R. W. D. BRYAN for plaintiff in error.

Proceedings by attachment are to be strictly construed, as statutory and in derogation of the common law.   Staab v. Hersch, 3 N. M. 209.

A judgment by default can not be had until the jurisdiction of the subject-matter and the person of the defendant appears from the record.   Jamison v. Weaver, 84 Ia. 611; Holtzman v. Martinez, 2 N. H. 286; Cabeen v. Douglas, 1 Mo. 336.

The trial of the attachment issue should precede the main issue.   Comp. Laws. 1884, secs. 1944, 1959, 1960; Bennett v. Zabriski, 2 N. M.; Staab v. Hersch, supra; Price v. Bescher, 12 Heisk. (Tenn.) 372.

Until the sheriff's return is made in such case, and filed in court, and thus made a part of the record, the court is without jurisdiction, and any proceeding taken by it coram non judice and void.   Shinn on Att., secs. 223, 445 et seq.; Drake on Att., sec. 87, et seq.   See, also, Cooper v. Reynolds, 10 Wall. 308; Morris v. School Trustees, 15 Ill. 266; Roof v. Singmaster, 62 Ia. 511; Holtzman v. Martinez, 2 N. M. 286; Craig v. Williams, 44a S. R. 934.

A. B. McMILLEN for defendant in error.

So far as error is founded upon the bill of exceptions incorporated into the record, it lies only to exceptions taken at the trial to the ruling of the law by the judge and to the admission or rejection of evidence.   Zeller's Lessee v. Eckert, 4 How. 289, 298; Barrow v. Reab, 9 How. 366; Lathrop v. Judson, 19 Id. 66; Ins. Co. v. Mordicai, 22 Id. 111; De Solre v. Nickleson, 3 Wall. 420; Clements v. Nickleson, 6 Id. 299; Tome v. Dubois, Id. 548; The Georgia v. United States, 7 Id. 32; Laber v. Cooper, 7 Wall., Id. 565; Alviso v. United States, 8 Id. 337; The Eagle v. Frazer, Id. 152; U. S. Exp. Co. v. Kountz, Id. 342; Bank v. Kentucky, 9 Id. 353; Rogers v. Ritter, 12 Id. 317; Klein v. Russell, 19 Id. 433; Wood v. Lackawana, etc., 93 U. S. 619; Wheeler v. Sedgwick, 94 Id. 1; Wilson v. McNamee, 102 Id. 572; Springer v. United States, Id. 586; Wood v. Weimer, 104 Id. 786; Davis v. Fredericks, 105 Id. 4; Morrill v. Jones, 106 U. S. 466; Railway Co. v. Meyers, 115 Id. 1.

The jurisdiction of the court depends upon the fact of legal service; and if there had been legal service in the cases cited by plaintiff in error, the officer would have been allowed, upon application, to amend his return to conform to the facts to support the default. . Ald. on Judg., Wr. and Pro., sec. 192; Railroad Co. v. Ashby's Trustee, 9 S. E. Rep. (Va.) 1003; Scruggs v. Scruggs, 46 Mo. 271; Johnson v. Day, 17 Pick. 108; Morris v. School Trustees, 15 Ill. 266.

In the case at bar the sheriff's return was sufficient. Shinn on Att., sec. 322; Hardin v. Lee, 51 Mo. 241; Shacklets & Clydes Appeal, 14 Pa. St. 326; People v. Cameron, 7 Ill. 468; Ex parte Foster, 2 Story (U. S. C.) 131; Rodgers v. Bonner, 55 Barb. 9.   See, also, Ritter v. Scannell, 11 Cal. 238; Mitchell v. Lipe, 8 Yerg. (Tenn.) 179; Wheaton v. Sexton, 4 Wheat. 503; Reed v. Perkins, 14 Ala. 231; Ritter v. Sinclair, 12 Rich. 617.

McFIE, J.—On the seventeenth day of April, 1896, Martin P. Stamm, through his counsel Alonzo B. McMillen, filed in the office of the clerk of the district court of Bernalillo county a declaration in a suit to recover the sum of three hundred ($300) dollars damages on account of the failure on the part of the Southern California Fruit Exchange, defendant in the court below, to deliver to him a car load of oranges alleged to have been purchased by him. At the same time the declaration was filed, an affidavit in attachment and attachment bond were also filed in the office of the clerk of the district court for Bernalillo county, the affidavit in attachment alleging that the defendant, the Southern California Fruit Exchange, was a corporation organized under the laws of California, and that its principal place of business was not within the territory of New Mexico, and that it had no designated agent within said territory upon whom process might be served in suits against it.

On the day the declaration, affidavit and bond were filed in said court, a writ of attachment and summons were issued by the clerk of the court. On the twentieth day of April, 1896, a petition was filed in said court by the plaintiff for the purpose of securing the sale of a car load of oranges, which was alleged to be perishable property. The object of the petition is as follows: "The plaintiff represents to the court that by virtue of a writ of attachment issued out of this court in the above cause, the sheriff of Bernalillo county, has duly levied the said writ of attachment by seizing a car load of oranges as the property of the defendant in the city of Albuquerque; that the said property attached as aforesaid is of perishable nature and liable to be lost unless the same is sold within a few days; and that it is to the interest of all parties to have the sale made at the earliest day possible. The plaintiff therefore prays the court for an order directing the said sheriff to sell the said property attached at an early day, and directing the manner of such sale." This petition was sworn to. On the same day the court made the following order:

"Upon reading the petition of the plaintiff, and hearing the evidence in regard thereto, the court finds that the property attached is a car load of oranges; that the said oranges are of a perishable nature, and that it is to the interest of all parties to have the same sold forthwith. It is therefore ordered that the said sheriff of Bernalillo county, sell the property attached in bulk, as aforesaid, at public auction to the highest and best bidder, first giving three days notice in a daily newspaper printed and published in the city of Albuquerque, county of Bernalillo, aforesaid." Signed, N. C. Collier, Judge.

On the tenth day of October, 1896, proof of publication for service as required by law in the case of attachments upon the ground of nonresidence, was filed.

On the twenty-third day of October, 1896, on motion of plaintiff's counsel, and during a regular term of said court, the defendant corporation was adjudicated to be in default; and on the tenth day of December, 1896, and during said regular term, testimony was heard on behalf of the plaintiff, and judgment was rendered against the defendant corporation, for the sum of three hundred and thirty-seven ($337.25) dollars and twenty-five cents: and costs. The attachment was sustained by the court, and the sheriff was directed to turn over to the plaintiff, the proceeds arising from the sale of the attached property, less the costs.

The defendant did not at any time, either in person or by counsel, enter a general appearance in the cause until the judgment had been duly entered, the attachment sustained, and the proceeds of the sale of the attached property ordered paid to the plaintiff by the sheriff; but on the fifth day of October, R. W. D. Bryan entered a special appearance for the defendant, and moved to dismiss the cause for reason that there had been no service of summons upon the defendant corporation. This motion was afterwards withdrawn, and on the twentieth day of October, 1896, R. W. D. Bryan again appears specially for the purpose of filing a plea which is as follows: "And the said defendant by its attorney R. W. D. Bryan, enters special appearance, and for the purpose of this

plea, and comes and defends, etc., and says that before and at
the time of the commencement of said action, it, the South-
ern California Fruit Exchange, was, and from thence hitherto
has been, and still is a corporation organized and existing
under the laws of the state of California; and that it, the said
Southern California Fruit Exchange, was not found or served
with process in the said county of Bernalillo, or in the said
territory of New Mexico, and this it is ready to verify."

On the fifteenth day of January, 1897, the defendants
appeared specially by counsel, and filed motion to set aside the
judgment entered in the cause on the ground of want of juris-
diction in the court to enter judgment, which said motion was
overruled by the court, on the twentieth day of January,
1897.

On the twenty-first day of January, 1897, the sheriff of
Bernalillo county made his return showing the sale of the
property attached under the order of the court, and showing
the disbursement of the proceeds thereof; also publication of
notice of said sale.

On the twenty-first day of January, 1897, the sheriff
filed his return showing the levy of the writ of attachment,
and seizure of the car load of oranges above referred to, on
the seventeenth day of April, 1896, the said return of the
sheriff being dated April 23, 1896.

On the sixth day of August, 1897, writ of error was sued
out of the supreme court in this case.

From the above statement of facts as shown by the
record, it will be observed that there was no general appear-
ance of the defendant corporation during the entire progress
of this cause in the court below.    No exceptions were taken
to the default proceedings, nor to the judgment
entered by the court at the time such judgment
was taken, nor were any exceptions saved in
the bill of exceptions, and this court will not
consider errors alleged to have been committed in the trial of
the cause, not excepted to in the trial court at the time the
ruling was made.    Laird v. Upton, 8 N. M. 409; Territory v.

APPEAL; review:
exceptions.

Perca, 1 N. M. 627; Speigelberg v. Mink, 1 N. M. 308; Co. Com'rs Sierra Co. v. Co. Com'rs Dona Ana Co., 5 N. M. 190; Territory v. Hicks, 6 N. M. 596; Territory v. O'Donnell, 4 N. M. 196; Territory v. Baker, 6 N M. 238.

There is but one question, therefore, raised by this record for the consideration of this court, and that is the jurisdiction of the court to render the judgment in damages. It was stated in the argument by counsel for plaintiff in error, that they did not question the power of the court to dispose of the property seized under the writ of attachment, nor of the proceeds thereof; but their contention was that the court had no jurisdiction to render judgment as to the amount of damages. This being a question that may be properly raised at any time during the progress of the cause, even in this court, we have examined this record with a view of determining the merits of this contention.

ATTACHMENT:
judgment in rem.

This cause was brought under section 1927 Comp. Laws of 1884, which reads as follows: "A creditor wishing to sue his debtor in attachment may place in the clerk's office of the district court of any county in this territory, a petition or other lawful statement of his cause of action, and shall also file an affidavit and bond, and thereupon such creditor may sue out an original attachment against the lands, tenements, goods, moneys, effects and credits of the debtor, in whosesoever hands they may be." The petition, affidavit and bond were undoubtedly filed under this provision of the statute, which fully authorizes the proceeding as an original attachment. The fact that a declaration was filed does not rob the proceedings of its efficacy as an action of attachment. Where the action of attachment is brought against a resident defendant, and where personal service is or may be had, it is not only an action in rem, but it is also an action in personam. But an action of attachment brought on account of the non-residence of the defendant, and property is levied upon and seized under the writ of attachment and notice by publication alone is had, it is purely an action in rem, and affects the property

rather than the person.   The judgment of the court can not be a personal judgment against defendant so that an execution may be issued upon it for the recovery of any balance that may be due the plaintiff upon a judgment rendered in such cause, remaining after the property seized has been disposed of and the proceeds applied upon such judgment.   The statute of this territory specially says that "when the defendant shall be notified by publication as aforesaid, and shall not appear and answer the action, judgment by default may be rendered which may be proceeded on to final judgment as in ordinary actions; but such judgment shall only bind the property attached, and shall be no evidence of indebtedness against the defendant in any subsequent suit."     Sec. 1940, Comp. Laws of 1884.     The record in this case shows that service by publication was had upon the defendant, and that a car load of oranges were levied upon in the city of Albuquerque as property of the defendant, and this seems to be in full compliance with the requirements of the laws of this territory.   The court had full jurisdiction to enter a judgment in rem, for the amount found due the plaintiff, order the sale of the property attached, and apply the proceeds upon the judgment thus entered.   An examination of the record shows that there was no personal judgment entered in this case; no execution was awarded, but the property was ordered to be sold as perishable, and the proceeds to be applied on the judgment less the costs of the proceeding and this was the proper judgment to enter in this proceeding.

The plaintiff in error contended that this is an ancillary attachment under sections 1959 and 1960, Compiled Laws of 1884, and points out the distinction between a suit in attachment and a suit where the attachment is ancillary to the main suit.   It is insisted that in this case the attachment was ancillary to the main suit, and that the main suit was the declaration upon the indebtedness, and refer to the provision that in such case, should an attachment issue be dismissed, the cause shall not be dismissed.   We think this contention is erroneous. This was not an ancillary attachment.   An ancillary attach-

ment is a proceeding in aid of the personal action, when the debtor has been served or has appeared in court so as to be liable to a personal judgment. The remedy thus employed is usually an adjunct to the main suit. Waples on Attachments, page 4.

It often happens that after a suit at law has been instituted for the recovery of a debt or damages, and where personal service is or may be had; a ground of attachment arises, such for instance, as an attempt of the defendant to fraudulently dispose of his property, or remove it, so as to defeat a recovery of the debt sued on; that an attachment becomes necessary that the property may be seized and held to respond to any judgment that may be recovered. The attachment proceeding in such case is designated ancillary. In a case of this kind the original suit controls. The case at bar, however, is entirely different, is brought under a different section of the statute, and is an original attachment. The allegation of the affidavit that the defendant was a nonresident, shows that there was no expectation of securing personal service, nor obtaining a personal judgment; but to subject the property of the defendant within the jurisdiction of the court to sale under attachment and order of the court. The judgment in this case, which was taken by default, without the opposition of the plaintiffs in error in the court below, bears out this view, being a judgment in rem only.

In the case of Staab v. Hersch, 3 N. M. 209, this court said that, "As the law now stands in this territory, attachment proceedings are auxiliary to actions at law, but each characterized by separate pleadings, and a distinct practice." Attachment proceedings are auxiliary in a case where personal service is had and a personal judgment sought, as the assumpsit issue is the main suit. The case of Staab v. Hersch was a case of this kind, and the language of the court was correct as applied to that case. But where an attachment is sued out on the ground of the nonresidence of the defendant, and a judgment in rem alone is sought, there is but one suit and that the attachment. The mere fact that a declaration

was filed and summons issued in such case, is immaterial. The statute requires a petition to be filed in attachment cases (and a declaration is the same thing); but where the attachment is brought on the ground of nonresidence, the contention of plaintiff in error that there are two distinct suits, is not well taken.

Plaintiffs in error also urge as error that the court below gave judgment for damages before disposing of the attachment issue. Default having been taken, and a jury being waived, the court entered judgment for the damages and found the issue on the attachment in favor of the plaintiff in one judgment. The fact that the amount of damages were stated first in the judgment is immaterial, as the entire judgment is one transaction, and there was no error in rendering the judgment that way.

The plaintiffs in error seem to rely on the fact that the sheriff's return of the levy and seizure of the car load of oranges was not filed in the court at the time the judgment was taken, and that, for this reason the court below had no jurisdiction to render the judgment. The record shows that the return of the sheriff was not filed until some time after the judgment was rendered. This, however, is not sufficient to rob the court of jurisdiction. The jurisdiction of the court does not rest upon the filing of the return of the officer, but it becomes complete when the officer has made a valid levy and seizure under a lawful writ of attachment. The record in this case shows that, while the return of the officer showing the levy of the writ, and seizure, was not filed in the court until the twenty-first day of January, 1897, the return of the officer showing levy and seizure is dated April 23, 1896, and shows that the property was actually levied upon on the seventeenth day of April, the day the suit was brought. The legality of the writ of attachment is not questioned. The return shows that the levy and seizure were made under this writ prior to the rendition of judgment, and the court has jurisdiction to render the judgment regardless of the return of the officer. Of course, the return of the officer should have

been made prior to the rendition of the judgment, for the reason that the return of the officer is the best method of establishing the facts therein stated; but it is not the return of the officer that gives the court jurisdiction. It is the levy and seizure. A levy and seizure sufficient to give the court jurisdiction of the subject-matter was made on the seventeenth day of April, 1898, and the sheriff, by withholding his return, or neglecting to file his return showing that fact, could not deprive the court of its jurisdiction. Ritter v. Sannell, 11 Cal. 238; Mitchell v. Lipe, 8 Yerger (Tenn.) 179; Wheaton v. Sexton, 4 Wheat. (U. S.) 503.

"In attachment causes, the jurisdiction over any given subject is obtained by a levy thereon of a writ properly issued.

And it is a rule of universal application that when a court once acquires jurisdiction, subsequent error or irregularity will not divert it, no matter what or how great errors or irregularities may subsequently occur. The res remains in the grasp of the court. Shinn on Attachment, sec. 322; Waples on Attachment, p. 312; Hardin v. Lee, 51 Mo. 241; People v. Cameron, 7 Ill. 468; Rogers v. Bonner, 55 Barb. 9; Rowen v. Lamb, 4 Greene (Iowa) 468; Cooper v. Reynolds, 10 Wall. 308.

The property seized in this case was perishable and section 1853, Compiled Laws of 1884, provides for the sale of such property under an order of the court. The record shows that on the twentieth day of April, 1896, the plaintiff in the court below filed a sworn petition asking for the sale of this property as perishable, and in the petition set up the fact that the property had been levied upon and seized by the sheriff; and the court, in its order directing the sale of the property, distinctly finds that the levy had been made upon the property attached. Thus the fact of the seizure of the property in dispute was brought to the attention of the court as early as the twentieth day of April, 1896, and the court was made aware of its jurisdiction of the subject-matter at that time, based its order upon the fact, and under the authority cited above, properly retained jurisdiction to the end. The record

further discloses that service by publication was had upon the defendant, notice given it, not only that suit was pending, but that the property of defendant had been levied upon and would be sold to satisfy the debt as required by statute. The fact that the return showing the levy and seizure of the goods was not made until after the judgment was taken is but an irregularity not affecting the jurisdiction of the court, and it was not reversible error for the court to render judgment prior to the filing thereof.

The plaintiff in error also contends that there was a plea in abatement filed by defendant prior to the taking of default, and that it was error to allow default or judgment until plea in abatement was disposed of. It is true that a paper purporting to be a plea in abatement was filed under a special appearance, and was disposed of at the time PLEADING. the default was taken. The court evidently did not regard the paper filed as a plea in abatement, nor any other proper plea in the case. By reference to the paper designated a plea in abatement, and which has been set out in substance above, it will be seen that it is not a plea in abatement, nor does it raise any issue whatever. It does not traverse the affidavit of attachment, but simply alleges that the Southern California Fruit Exchange was incorporated under the laws of the state of California, and was not found or served with process in said action in said county of Bernalillo, and territory of New Mexico. This corroborated the allegation in the affidavit of attachment as to the nonresidence of the defendant, and establishes the right of attachment. The further allegation that the defendant was not served with process in the county of Bernalillo, and not found there, is wholly immaterial in this proceeding, where there was no attempt to obtain a personal judgment against defendant. Therefore this plea was frivolous, and was disregarded by the court below as such. We are of the opinion that the court committed no error in this, as the plea presented no issue for the consideration of the court, and was of no value whatever as a

pleading. It might have been stricken from the files upon motion, but there was no error in disregarding it.

"Where the record on appeal in a criminal cause does not show that a hearing was urged on a plea in abatement, it will be presumed that the plea was abandoned." Territory v. Barrett, 42 Pac. Rep. 66; 8 N. M. 70.

The court below had complete jurisdiction to render the judgment rendered, and inasmuch as no personal judgment was entered against the defendant such as would be binding upon him in any other proceeding, or attach to any other property except the car load of oranges attached, there was no error in the action of the court below in granting final judgment, and in overruling the motion of the plaintiffs in error to set aside the judgment.

It appears from the record that the judgment below was for a larger sum than was sued for by the plaintiff. This was a harmless, and not reversible error under the circumstances of this case.

In the case of Western Union Telegraph Co. v. Lonwill, 5 N. M. 309, it was held by this court that the plaintiff should be required to remit the excess, and the judgment affirmed for the proper amount. In this case, the error HARMLESS error. can not injuriously affect the plaintiff in error or his property. If a personal judgment had been rendered, the court would require the plaintiff to remit the damages recovered in excess of the plaintiff's demand, but it is unnecessary in this case to take such action. The record discloses the fact that the sheriff, under the order of the court, in this case, sold the property attached for the sum of five hundered and twenty ($520) dollars. The sheriff in his return of the disbursement of this fund shows that the disbursement was as follows: Paid freight $272.14; printing notice of sale, $3; sheriff's fees, $24.50; paid Stamm (the attaching creditor), $220.36.

It therefore appears that the total proceeds of the sale of the property had been disposed of by the sheriff, and after the payment of expenses and costs of suit, there remained the sum

of two hundred and twenty ($220.36) dollars and thirty-six cents to be paid to the attaching creditor. Therefore, under the law, there being no personal judgment rendered, there can be no further recovery against the plaintiff in error under this judgment. It is useless in this case to remand the cau.e so as to require the plaintiff to remit the damages stated in the judgment in excess of the claim of the plaintiff. The plaintiff in error can not suffer in any way. The judgment is of no binding force upon it for the payment of any further sum or sums of money, nor can execution issue for the seizure of his property.

Therefore the judgment of the court below is affirmed.

Mills, C. J., Crumpacker, Parker and Leland, JJ., concur.

### SYLLABUS BY THE COURT.