## Lyon *against* Sanford and others.

The attachment of an equity of redemption creates a lien upon the estate, in favour of the attaching creditor, which entitles him to redeem.

A decree of foreclosure on a bill brought subsequent to the service of such attachment, will not affect the rights of the attaching creditor, unless he be made a party to the suit.

Therefore, where a creditor of the mortgagor attached the equity of redemption; after which the mortgagee brought a bill of foreclosure against the mortgagor, without making the attaching creditor a party, and obtained a decree; and the attaching creditor afterwards recovered judgment, and levied his execution on the premises attached: it was held, that he was entitled to redeem, notwithstanding the decree of foreclosure against the mortgagor.

*Fairfield,*
June,
1825.

Lyon
*v.*
Sanford.

This was a bill in chancery to redeem morgaged premises.

On the 15th of *March*, 1820, *Isaac Wakelee* jun. mortgaged a tract of land to *Stephen Wheeler;* and a few days afterwards, he mortgaged another tract to *David Minott.* On the 5th of *December*, 1821, *Minot* brought a bill of foreclosure against the mortgagor, and on the 4th *Tuesday* of the same month, obtained a decree, foreclosing his equity of redemption in the latter tract. The condition of the decree not being complied with, on the part of the mortgagor, *Minott* went into possession of the premises; which he afterwards conveyed to *John T. French.* On the 3rd of *December*, 1821, the plaintiff, in a suit against *Wakelee*, attached his equity of redemption in both tracts. Having recovered judgment in this suit, the plaintiff, on the 5th of *January*, 1823, levied his execution on the interest attached, and had it set off to him in satisfaction of such execution. He was not a party to the bill of foreclosure brought by *Minott.* By the present bill, the plaintiff sought to redeem both tracts, upon paying the debts due to *Wheeler* and *Minott* respectively, or to their assignees.

The case was reserved for the advice of this Court as to what decree ought to be passed.

*Sherman*, for the plaintiff, after remarking, that there could be no question with regard to his right to redeem the land mortgaged to *Wheeler*, as that tract had never been foreclosed, contended, That he was entitled also to redeem the tract mortgaged to *Minott*, the foreclosure notwithstanding. This proposition rests upon two considerations; the first regarding the interest of the plaintiff, acquired by the attachment; and the other regarding the effect of *Minott's* foreclosure, to which the plaintiff was not a party.

First, the nature of an attachment, by our law, is such that it creates a *lien* upon the property attached, from the moment the attachment is served. A subsequent judgment in the suit in favour of the plaintiff, and the levy of an execution issued on such judgment on the property attached, are, indeed, necessary to render the lien effective; but these requirements being com-

plied with, the lien is effective from the *time of the service ;* and the creditor takes all the rights, which the debtor had in the property *at that time.* An attaching creditor has as strong a lien as a mortgagee ; and it is not a general lien, like a judgment in some of the neighbouring states, but it is a *specific* lien.

Secondly, the foreclosure obtained by *Minott,* did not affect the plaintiff's right to redeem, he not being a party to the suit. It is one of the first principles of jurisprudence, that no man is to be bound by a legal proceeding, to which he was not a party. In *Smith* v. *Chapman* & al. *4 Conn. Rep.* 344. it was held not to be necessary, on a bill of foreclosure against the mortgagor, to make a second mortgagee a party, on the ground that the rights of such second mortgagee could not be impaired by the decree. " The foreclosure of the mortgagor," said the Court, " settles the question as to him ; and leaves every enquiry open to others, who are incumbrancers on the mortgaged premises." The plaintiff is, as has been shewn, a subsequent incumbrancer.

*N. Smith,* and *Winton,* for the defendants, insisted, That the plaintiff's attachment gave him no such interest, previous to the foreclosure, as would enable him to redeem. An attachment of land creates no title, right or interest in the land attached : it only entitles the attaching creditor to priority of levy ; it only secures to him an advantage in acquiring a title. This point was explicitly stated and decided, in *Lacey* & al. v. *Tomlinson,* 5 *Day,* 77. 80.

If the plaintiff had no interest in the subject of foreclosure, which the court could take notice of, it would have been not merely idle, but improper, to make him a party to the bill.

[The counsel for the defendants made other objections to the relief sought, which it is not now necessary to specify.]

BRISTOL, J. The plaintiff attached the premises, which he now seeks to redeem, *prior* to the bill of foreclosure brought by *David Minott.* He obtained a judgment, and levied his execution on the equity of redemption of the mortgagor ; and now seeks to redeem, on paying the prior incumbrances. But it is insisted, by the defendants, that by virtue of the attachment he did not acquire such an interest in the premises, as to make it necessary he should have been a party : and the interest of the mortgagor having been extinguished, by the decree of foreclosure, it is claimed, that the extinguishment of his inter-

est, will necessarily carry with it, that of the attaching creditor also.

On the contrary, it is claimed, by the plaintiff, that by the laws of the state, he obtained a lien upon the estate of the mortgagor; that his lien was secured by the statute relative to attachments, and perfected by recovering judgment, and taking the mortgagor's interest upon execution; and that it is contrary to the first principles of justice, that he should be bound by a decree, to which he was not a party.

Different opinions, and those entitled to much respect, have been held upon the subject now under consideration. Arguments, ingenious and cogent, on both sides, have been pressed upon the attention of the court. Having fully considered them, I am of opinion, the plaintiff has a right to redeem; the decree of foreclosure against the mortgagor notwithstanding.

It is objected, that if creditors attaching the interest of the mortgagor *before* the commencement of the process for foreclosure, are necessary parties; creditors, who attach *afterwards*, must also be made parties; and that a mortgagee would never be able to make all persons parties, who might, between the filing of the bill and the final decree, acquire a lien upon the premises. But such conclusion will not follow from the principle, which is adopted by this decision.

It is a general rule, applicable to chancery proceedings, that all persons interested in the subject matter of the suit, at the time of bringing the bill, shall be made parties in the cause; and should the death of any defendant happen during the pendency of a suit, whereby the interest of such defendant devolves upon others not already parties, such persons must also be made parties. But when a defendant to a bill in chancery, after the commencement of a suit, attempts to alienate or convey the subject matter of such suit, by a voluntary contract, the purchaser, it is believed, need not be made a party to the bill; but his interest acquired *pendente lite*, will be bound by the event of the suit, which was properly commenced. And so, in respect to *creditors*, who attach property mortgaged, during the pendency of a petition to foreclose, the *lien*, which they acquire, is, by their own voluntary act, subsequent to the commencement of the suit; and they will be bound by the decree, though not parties. They must necessarily abide by the fate of the mortgagor, whose estate they have attempted to acquire. Upon any other principle, it would be impossible to obtain a

decree of foreclosure, which, in case of non-payment of the debt, should be final and conclusive; as the mortgagee, in any stage of the proceedings, might create an interest in persons not already parties to the bill. 2 *Fonb. Eq.* 152. 2 *P. Wms.* 482. 2 *Madd. Chan.* 189.

It is objected, that the attaching creditor had no interest in the estate; that he acquired no interest, which was capable of *alienation ;* that at the time of bringing the bill of foreclosure, it was uncertain whether his lien would ever ripen into an interest, by obtaining judgment and levying the execution on the land; and that the mortgagee, when he seeks to appropriate the pledge, ought not to be compelled to wait, till the attaching creditor obtains judgment, and levies his execution.

It is true, that the lien, acquired by an attaching creditor, is not an *interest in land ;* and that it cannot, as an interest in land, separate from the debt, be conveyed or assigned; but like the lien or interest of a mortgagee, a transfer of the debt, on which the attachment issued, would also carry with it the lien; and the purchaser of the debt, by pursuing the suit to judgment, and levying the execution on the land, would acquire all the rights of the original creditor. If the statute relative to attachments, then, secures to the attaching creditor the property attached, so as to respond the final judgment, why is not the lien acquired by attachment, as sacred as the lien of a subsequent mortgagee? And why should the former be destroyed, by the judgment in a suit where the attaching creditor is no party, any more than the latter?

If the necessary consequence of the principles here adopted, would require a delay in the proceedings of the mortgagee to obtain foreclosure, until the creditor had obtained judgment on his attachment, and levied his execution, it would be a serious objection; and this Court would pause, before they adopted a principle so injurious to the interests of a mortgagee, seeking a foreclosure. But I see no necessity for such delay. The interests of the mortgagee, and of the attaching creditor also, may both be properly protected, without it. And to protect the interests of one, without destroying those of the other, is the very ground on which my opinion proceeds. Suppose the mortgagee brings a bill of foreclosure, and makes the mortgagor and an attaching creditor both defendants; what difficulty exists in proceeding immediately to make a decree, requiring the mortgagor and attaching creditor, at suitable periods, to redeem, or be foreclosed? What necessity can exist, why the time limit-

ed for the attaching creditor to redeem should be postponed till after he has recovered judgment, and levied his execution? Should the attaching creditor, for the purpose of preserving his lien, be obliged to redeem before he has obtained judgment, and levied his execution, he may still levy his execution, and obtain a complete title. If he redeems and fails to obtain judgment or execution against the mortgagor, he will in equity stand in the condition of the mortgagee, with all the rights and privileges belonging to him. He may, of course, call for the legal estate, and foreclose the mortgagor, unless the money is refunded. The difficulties, therefore, are rather imaginary than real.

On the contrary, how great injustice may be done, should the Court decide, that the plaintiff has no right to redeem, because the mortgagor has been foreclosed? A creditor might attach a valuable equity of redemption in real estate worth 10,000 dollars, and mortgaged for 500 dollars only; having a demand large enough to take the whole interest of the mortgagor. The debtor might, and probably would, feel disposed to facilitate a foreclosure, and rely on the mortgagee for favour: and if this were not the case, the mortgagee might obtain a decree of foreclosure, and have the time limited for redemption expire, before the attaching creditor could carry a litigated demand to final judgment. Thus, the attaching creditor might lose the only security for a debt, in his power to obtain.

By the statute relative to attachments, the property attached is holden to respond the final judgment, which may be obtained; and it is not easy to discover how the letter or spirit of this law can be satisfied, by holding, that an attaching creditor may be defeated of his security, by a decree of foreclosure, to which he is no party.

I would advise, that the plaintiff has right to redeem; and that the prayer of the bill be granted.

HOSMER, Ch. J. and PETERS, J. were of the same opinion; BRAINARD, J. being absent.

Decree advised accordingly.