### GEO A. BABCOCK *v.* ASA BROWN.

*Petition to reverse and set aside a judgment, on the ground that the petitioner had been deprived of his day in court, by fraud accident or mistake.*

On petition to set aside a judgment for fraud, accident or mistake, where it appeared that the attorney forgot the day of the court, and consequently the defendant was defaulted; it was held, that the negligence of the attorney must be regarded as the negligence of the party, and that the statute, authorizing the County Court to grant a new trial, where a justice of the peace has rendered judgment against a party, and he has been deprived of his day in court by fraud, accident, or mistake, does not apply to a case of this character.

And where, in such case, there was an omission in the copy of the writ, left with the petitioner, as to the place of holding the justice court, and the service of the writ by the return of the officer was complete, so that the writ could not have been abated, and it was not pretended that this omission in the copy of the writ was the reason why the petitioner did not attend the justice court; under this state of facts, it was held, that this omission, accident or mistake, which deprived the party of his day in court being the result of the party's own want of reasonable care, did not bring the case within the provisions of the statute.

PETITION brought to vacate a judgment rendered by a justice of the peace, by default, in favor of the petitionee, and against the petitioner.

Issue to the court.

On trial, it was proved that the writ in said justice suit was served on the petitioner, by copy, which was made by the petitionee, and that the same was not a true copy of the original writ, *in this,*—that the original writ designated the dwelling house of the justice signing the writ, as being the place for holding said court, or returning said writ, and that said copy did not designate any place of return, or any place for holding said court. And that the petitioner had no other legal notice of said suit, except by the said copy.

The court did not find, that there was any intentional error or omission made in said copy either by said petitionee, or the officer, who served it.

It was also proved, that the petitioner, after the service of said writ upon him, employed counsel to defend said suit; but that his

counsel forgot the day of the court, and did not attend to it, and that judgment was rendered in said suit by default.

The County Court, July adjourned term, 1852,—POLAND J., presiding,—upon the foregoing facts, adjudged that the petitioner was not unjustly deprived of his day in court by fraud, accident or mistake, and ordered said petition to be dismissed with costs.

Exceptions by petitioner.

*O. T. Brown* for petitioner.

It appears that the copy of the writ left with the petitioner, did not designate any place for trial, and that he was left to find out the place of trial, as best he might, having no other legal notice of said suit, save by said copy.

And though he employed counsel to defend said suit, yet it does not appear that the counsel or petitioner, by any means, learned the place of trial, and certainly they were not bound to hunt it up, and from anything that appears in the case, the counsel lost nothing to his client, by forgetting the day of trial. ·

Hence, the case stands upon the same ground it would, if the petitioner had disregarded the notice altogether, as he might, unless the law will compel a party under such circumstances to discover the place of trial at his peril.

In the case of *Denison* v. *True*, 22 Vt. 42, a *query* is made by the court, whether mere forgetfulness is such a mistake or accident, as to come within the spirit of the statute.

But it is submitted, that forgetfulness is often the cause of the most serious accidents, and it is contended that the accident happening, by the fault of the party, should only be taken into the account in relation to the terms of the new trial.

*J. D. Stoddard* for defendant.

The reasons assigned in the petition for vacating and setting aside the judgment, and the whole subject of the trial, appears to have been within the jurisdiction of the County Court, and it seems to have been well settled, that the judgment of that court, on all questions addressed purely to their discretion, and within their jurisdiction, cannot be re-examined by this court. *Finney* v. *Hill*, 11 Vt. 233. *Cummings* v. *Fullam*, 13 Vt. 459. *Morrison* v. *Moore*, 4 Vt. 264.

Babcock *v.* Brown.

The opinion of the court was delivered by

BENNETT, J. The County Court adjudged, that the petitioner had not been unjustly deprived of his day in court, by *fraud, accident,* or *mistake.* All that the case shows is, that the attorney *forgot* the day of the court, without detailing any of the circumstances, and consequently the defendant was defaulted. It is a case of pure negligence on the part of the attorney; and the question is, whether the statute is to be extended to a case of this kind. The statute has probably received, practically, somewhat of a *latitudinarian* construction; but we apprehend, that it should not embrace a case of this description. Courts of law have exercised a liberal jurisdiction in granting new trials; yet they uniformly refuse them, if the party applying for them has been guilty of negligence, and might by the use of reasonable diligence, have been prepared for trial. Neither will courts of equity restrain proceedings at law, after judgment, for any mistake or accident occasioned by the laches of the party; and in analogy to these principles, we think the statute authorizing the County Court to grant a new trial, where judgment has been rendered, by a justice of the peace, against a party, and he has been deprived of his day in court, by *fraud, accident,* or *mistake,* should not be extended to a case where the accident or mistake, is the result of the party's own want of reasonable care. The negligence of the attorney in this case, we must regard as the negligence of the party.

Though there was an omission in the copy of the writ left with the petitioner, as to the place of holding the court, yet the service of the writ, as by the officer's return, was complete, and the suit could not have been abated; and it is not pretended that this omission in the copy of the writ, was a reason why the petitioner did not attend the justice court.

The judgment of the County Court is affirmed.