RICHARD CODY, Appellant, v. DAVID L. HOUGH, Appellee.

APPEAL FROM LA SALLE.

Where notice is given the day previous to a trial to produce a paper which is eighty miles distant, in the control of another person, the court will not take judicial notice that the paper could not have been obtained, and so exclude secondary evidence.

Where the court which tries a case has jurisdiction of the person and the subject matter, it will be presumed that the proceedings in it were regular; and another court will not inquire into them collaterally.

THIS cause was tried before HOLLISTER, Judge, and a jury, at December term, 1856, of the La Salle Circuit Court. There was a verdict for the plaintiff in the court below, and a judgment upon that verdict. The defendant below brings the cause to this court by appeal, and assigns errors.

The facts of the case are stated in the opinion of the court.

GLOVER & COOK, and W. H. L. WALLACE, for Appellant.

LELAND & LELAND, for Appellee.

WALKER, J.   David L. Hough sued Richard Cody in an action of ejectment, in the La Salle Circuit Court, to the November term, 1856, for lot five, block one hundred and nineteen, in La Salle. Plea, general issue. A trial was had before the court and a jury. The record shows that plaintiff, on the day before the trial, gave defendant's counsel notice to produce the patent for the lot in controversy, or the plaintiff would insist upon his right to give secondary evidence of its contents; that the patent was not produced on the trial. It was conceded that the patent was in the hands of Isaac Cook, the patentee, who resided in Chicago, eighty miles from the place of trial, and that he was not present at the trial, and the cause was set for trial on the day it was tried, three days previous. The court permitted the plaintiff to read a copy of the patent from one of the books of record of La Salle county, to Isaac Cook, for the lot in controversy, to which the defendant objected, for want of sufficient notice to produce the original. The plaintiff then offered the record of a judgment of the Circuit Court of La Salle county, at the May term, 1853, which showed, that in a case of The People v. Isaac Cook, the parties entered their appearance and defendant waived service. And the court, in that case, found that an execution had issued out of that court on the 4th day of June, A. D. 1850, on a judgment obtained therein by the people of the State of Illinois against Matthias App, for

the sum of $16.26½, directed to said Cook as sheriff of the county of Cook, which was received by him on the 6th day of June, 1850; and also that another execution for $14.47½ was issued out of that court on the same day, against the same defendant, on another judgment, and directed and delivered to the said Cook as sheriff of Cook county, on the same day as the other; and that said Cook, by Miller, his deputy, on the 29th day of June, 1850, received of the defendant ten dollars on these executions, or one of them, and the further sum of ten dollars on the 19th day of August, 1850; and that said executions had been returned by the sheriff to the office of the clerk of the La Salle Circuit Court, without any indorsement thereon of the receipt of said sums of money, or either of them, or any part thereof, nor had any part thereof been paid over to the people of the State of Illinois, and that the same was retained by Cook in the hands of his deputy. And that the interest then due on these sums of money, from the time the same were collected until that date, at the rate of twenty per cent. per annum, amounted to $13.41, which, with the principal, amounted to $33.41, for which, with the costs, the court rendered judgment against Cook and in favor of the people of the State of Illinois, and awarded execution. Which record the court permitted the plaintiff to read in evidence to the jury, and to which defendant objected. The plaintiff read in evidence to the jury an execution issued on the judgment, of the date of February 27, 1854, for $33.41 damages, and $2.70 costs, with the return on said execution showing a levy of the execution on the lot in controversy, and the sale of the lot to plaintiff Hough, on the 18th day of May, 1854; to all of which the defendant below excepted. The plaintiff then read in evidence a deed for the lot from Francis Warner, as sheriff of La Salle county, to which the defendant objected. Plaintiff called a witness, who testified that since November, 1856, lots five and six, in block one hundred and nineteen, in the city of La Salle, have been inclosed in one fence; defendant's house, in which he lives, is on lot six; did not know who put up the fence around the lots; never saw defendant exercise any acts of ownership over the lots in controversy. This was the evidence in the case, and upon it the jury found a verdict for the plaintiff, and the defendant moved the court for a new trial, which was overruled, and judgment was rendered on the verdict, and to reverse which defendant Cody brings the cause to this court.

The first question presented for our consideration, is, whether the notice to produce the patent was sufficient to authorize the admission of secondary evidence of its contents. The record only shows that the patent was in Cook's possession, and that

he resided at Chicago. It nowhere appears that defendant could not have produced it, by using reasonable efforts, after the service of notice. The court cannot take judicial notice that, by the use of the means afforded for communication by telegraph and railroad, that he could not, by using slight efforts, have produced the original by the time it was required on the trial. If, in answer to a rule, it had appeared that the defendant could not control the paper, or that by reasonable efforts he could not have produced it, then the introduction of the secondary evidence would have been erroneous. But such does not appear to have been the case; and we are of the opinion that the admission of secondary evidence was proper.

It was urged that the court did not have jurisdiction to render the judgment against Cook, under which the sale was made, and from which plaintiff below claims to derive his title,] for the want of a notice, that the plaintiff would apply for a rule to pay the money, and for the want of a demand on Cook for the payment of the same. The record fails to show that such notice was given or demand made, but it shows that defendant, Cook, entered his appearance in the Circuit Court and waived notice. And the Circuit Court being a court of general jurisdiction, independent of the statute, had competent authority and jurisdiction of the subject matter, and could have heard the cause and rendered the judgment, and when the defendant entered his appearance to the cause, the jurisdiction of the court was competent over both the person and subject matter. If the evidence did not show a demand of the money from Cook, as required by the statute, it was error to render the judgment which it did; but it was only an error, from which the defendant, Cook, should have appealed, or prosecuted a writ of error, and thus have corrected the error in the appellate court. Had he not entered his appearance, and thereby given the court jurisdiction of his person, no presumption could be indulged, that he waived any of the antecedent steps to authorize the judgment, but having entered his appearance, the only question before the court for determination, was whether he had received the executions, how much he had received on them, and whether he had failed to pay the same to the party entitled to the money; and if so, what amount he should be required, by the rule of the court, to pay the plaintiff. The court having jurisdiction, any mistake of the law or facts, could not defeat the jurisdiction already acquired. The court below, then, had no right in a collateral proceeding, as this was, to revise that judgment, and determine whether it was erroneous. It only had the right to see that the court rendering the judgment offered in evidence, had jurisdiction of the person and subject

matter, and if so, give it force and effect. We are, for these reasons, of the opinion that there was no error in admitting the judgment, the execution under it, and the sheriff's deed, in evidence.

In this case, there was no plea denying the possession of the defendant, and it was unnecessary for plaintiff to have introduced any evidence of that fact, it not being in controversy under the the pleadings, and it is unnecessary to determine whether the evidence established that fact or not. Upon a careful examination of the whole record in this case, we are unable to perceive any error, and the judgment of the court below should therefore be affirmed.

*Judgment affirmed.*