### Bermudez Asphalt Paving Co. v. James A. Gibson, Adm'r.

1. PRACTICE—*Collateral Attack upon the Judgment of a Court of Superior and General Jurisdiction.*—A collateral attack can not be successfully made upon the judgment of a court of superior and general jurisdiction where it appears from the record of the judgment that the court rendering it had jurisdiction of the subject-matter thereof and the parties thereto.

Assumpsit.—Error to the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed February 13, 1903.

WILLIAM J. DONLIN, attorney for plaintiff in error.

PADDOCK & BILLINGS, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This was an action of assumpsit brought upon a judgment rendered by the United States Circuit Court for the Western District of Missouri.

The defense below was and the grounds urged for a reversal of the judgment of the Circuit Court of this county is an attack upon the validity of the judgment of the said United States Circuit Court. There is no principle of law better settled than that a collateral attack can not be successfully made upon the judgment of a court of superior and general jurisdiction, where it appears from the record of the judgment that the court rendering it had jurisdiction of the subject-matter thereof and the parties thereto. Harris v. Lester, 80 Ill. 307; Kern v. Strasberger, 71 Ill. 303; Cody v. Hough, 20 Ill. 43; Porter v. Gile, 47 Vt. 620;

Morris v. Gentry, 89 N. C. 248; Paul v. Smith, 82 Ky. 451; Elliott v. Peirsol, 1st Peters, 340.

By the record of the United States Circuit Court it appears that the parties to the judgment by it rendered appeared in open court and entered into an arbitration agreement and stipulated that the court might enter judgment upon the award made in such arbitration proceeding; that thereafter upon notice to the defendant that application would be made for judgment upon the award made under such arbitration agreement, the United States Circuit Court entered judgment in pursuance of the stipulation upon the award made by the arbitrators. An award upon an arbitration proceeding may be sued upon and judgment thereon obtained in any court of superior and general jurisdiction. The jurisdiction to render a money judgment in an action based upon an award is not special or statutory; while the method—practice to be pursued in such actions may be. The judgment under consideration is for money, not for the taking of property under an eminent domain proceeding, as was the case in the judgment considered in C. & N. W. Ry. Co. v. Galt, 133 Ill. 657.

Plaintiff in error insists that the United States Court had not jurisdiction to enter judgment upon the award, because, among other things, it proceeded to enter the award without trial by jury. The question before this court is not whether the judgment of the United States Circuit Court is regular or irregular, or whether in a direct proceeding it might or might not be set aside for irregularities in proceedings leading up thereto; as that no proper or sufficient declaration was filed in the cause, or that judgment was entered by default when the defendant had a plea on file, or without trial by jury, or upon improper or insufficient evidence. We can, in this proceeding, consider merely whether the record of the judgment shows that the United States Circuit Court had jurisdiction over the subject-matter thereof and the parties thereto.

This is not only manifest from the record, but is not denied by plaintiffs in error. The judgment, therefore, can

not be successfully attacked in a collateral proceeding such as this.

The judgment of the Circuit Court of this county is therefore affirmed.