WILLIAM H. JARVIS, JR., *vs.* JAMES T. MARTIN ET AL.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A court of equity will not set aside a judgment of discontinuance and restore a case to the docket at the instance of the plaintiff, where the rendition of the judgment resulted from his negligence or inattention or that of his attorney.

A judgment of discontinuance terminates the action and exhausts the jurisdiction of the court over it.

One of two cases between the same parties and having the same title was discontinued upon the annual call of the docket in June, 1902. Counsel for the plaintiff knew of the discontinuance but mistakenly supposed it applied to the other case, in which also he was counsel, and did not discover his mistake until November, 1902, when the present suit was brought to set aside the order and judgment of discontinuance and secure the restoration of the case to the docket. *Held* that the relief prayed for ought not to be granted, the mistake of counsel not being free from negligence.

Argued April 20th—decided June 14th, 1904.

ACTION to set aside a judgment of discontinuance made in a former suit between the same parties, and to secure the restoration of such cause to the docket, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis, J.,* upon a demurrer to the complaint filed by the defendant Williams, the other defendant, Martin, making no appearance; the court sustained the demurrer and rendered judgment for the defendant Williams, and the plaintiff appealed. *No error.*

The complaint alleges, in substance, the following facts: At the annual call of the docket of the Court of Common Pleas in Fairfield county in June, 1902, a case therein pending, being one brought by the present plaintiff against the present defendant Martin, was stricken from the docket under the rules. The present defendant Williams had given special bail for the defendant in said action. Counsel for the plaintiff knew of the discontinuance, but through his mistake arising from his confusing said action with another

between the same parties and having the same title, in which he also appeared, supposed that the case discontinued was the other case and not the case in question. Counsel did not discover his mistake until November following. Meanwhile, owing to his mistake, he made no motion to restore the case upon motion day, as provided by the rules, or thereafter. December 24th he brought these proceedings. The defendant Williams demurred to the complaint, the demurrer was sustained, and judgment of dismissal followed.

*Howard W. Taylor*, for the appellant (plaintiff).

*Frederick W. Holden*, for the appellee (defendant Williams).

PRENTICE, J. The plaintiff contends that upon the facts alleged by him in his complaint he is entitled to the relief he asks. He also claims that the demurrer does not set out with the necessary precision and definiteness any ground of objection which can be successfully urged against his contention. The soundness of the claim as to the insufficiency of the demurrer depends largely upon the correctness of legal propositions which the exigencies of this case do not require us to consider. The circumstances of the case are such that the plaintiff can obtain no substantial benefit from our action unless his main contention is well made. We may, therefore, properly consider the case upon its broad general features and without regard to possible technical aspects of the pleadings.

The plaintiff does not rest his application entirely upon the provisions of § 815 of the General Statutes, providing for the granting of new trials for reasonable cause. On the contrary, he relies especially upon the general equity powers inherent in the court to which his complaint is addressed. The power thus invoked is that which was under discussion in *Tyler* v. *Aspinwall*, 73 Conn. 493, and *Goldreyer* v. *Cronan*, 76 id. 113. In *Smith* v. *Hall*, 71 Conn. 427, we said that new trials might be granted for equitable cause, where

no legal ground for such relief is shown, and that the power to grant them is inherent in courts of equity and confirmed by statute. The plaintiff points to this case, to which he might have added *Carrington* v. *Holabird*, 17 Conn. 530, as furnishing authority for his contention that the Court of Common Pleas had the power to grant the relief he seeks. If this be assumed, the plaintiff still remains beset with insurmountable difficulties. It is a well-established principle that courts of equity will not relieve against the operation of judgments rendered through the negligence or inattention of the party claiming to be aggrieved or his attorney. *Crim* v. *Handley*, 94 U. S. 652; *Amherst College* v. *Allen*, 165 Mass. 178; *Babcock* v. *Brown*, 25 Vt. 550; *Barhorst* v. *Armstrong*, 42 Fed. Rep. 2. The plaintiff, however, contends that the situation presented is one arising from mistake and not from negligence. The distinction is not fundamental. Equity will not, save in rare and extreme cases, relieve against a judgment rendered as the result of a mistake on the part of a party or his counsel, unless the mistake is " unmixed with negligence," or to use the language of this court, " unconnected with any negligence or inattention on the part of the judgment debtor," or, to quote again, " when the negligence of the party is not one of the producing causes." *Crim* v. *Handley*, 94 U. S. 652; *Winchell* v. *Sanger*, 73 Conn. 399; *Allis* v. *Hall*, 76 id. 322; 1 Swift's Digest, s. p. 788; *Amherst College* v. *Allen*, 165 Mass. 178; *Babcock* v. *Brown*, 25 Vt. 550; *Barhorst* v. *Armstrong*, 42 Fed. Rep. 2. The negligence or inattention of an attorney is the negligence or inattention of the client. Cases *supra*. The facts of this case furnish the plaintiff no means of escape from the application of these well-settled rules.

Incidentally the plaintiff seeks to save his case from the operation of the general rule that a court has no control over its judgment at a term subsequent to that at which it was rendered, upon the theory that there was no final judgment, but an order of discontinuance. An order of discontinuance is only preliminary to a judgment, and, when made effective, involves a judgment which terminates the action

and exhausts the jurisdiction of the court over it. A judgment thus rendered is as final as any judgment can be. *O'Dell* v. *Cowles*, 76 Conn. 293.

There is no error.

In this opinion the other judges concurred.