AUGUSTA JACKSON

*v.*

GUSTAV A. GROSSER.

*Opinion filed December 20, 1905.*

1. MORTGAGES—*a foreclosure decree cannot be collaterally attacked for error if court had jurisdiction.* A foreclosure decree rendered by a court having full jurisdiction of the parties and of the subject matter cannot be collaterally attacked, whether it was erroneous or not.

2. SAME—*one redeeming from sale is charged with notice of the terms of the sale and decree.* A creditor redeeming from a foreclosure sale acquires the rights of the purchaser and no more, and is chargeable with notice of the terms of the decree and sale as shown by the record.

3. SAME—*right of holders of notes to agree upon priority of liens.* Where two notes are secured by the same trust deed it is competent for the purchaser of one of them to agree that the lien of his note shall be subordinate to the lien of the other, and he has a right, on seeking foreclosure, to allege that fact and take a decree for a sale of the property subject to the continuing lien of the trust deed to secure the other note, provided no rights of third persons are injuriously affected by the agreement.

4. APPEALS AND ERRORS—*when question of allowance of solicitor's fees cannot be determined.* Whether a fixed sum was agreed upon as ·solicitor's fees on foreclosure, which, when once allowed, could not be allowed again on second foreclosure, cannot be determined by the Supreme Court on appeal, where the provision of the trust deed concerning solicitor's fees is not shown in the abstract of record.

5. ACTIONS AND DEFENSES—*when foreclosure suit is not premature.* A foreclosure suit is not premature where the note secured is due on its face although there is an erased agreement endorsed upon its back extending the time of payment beyond the time the

suit was commenced, there being no evidence as to when or by whom the erasure was made.

6. JUDICIAL SALES—*title of party redeeming is subject to lien reserved by decree.* Where a trust deed securing two notes is foreclosed by the holder of one of the notes and the decree provides for a sale subject to the continuing lien of the trust deed to secure the payment of the other note, a creditor who redeems from the sale takes subject to the lien so reserved by the decree.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

WILLIAM SCHULZE, for appellant.

WELLS & BLAKELEY, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The facts necessary to an understanding of the questions involved in this case are as follows: On April 8, 1895, Robert Grosser and wife executed a trust deed on a lot in Chicago to Helge A. Haugan to secure two notes given for money borrowed of the State Bank of Chicago, one for $2500, due in five years, and one for $500, due in one year, and both drawing interest. August Grosser purchased of the bank the note for $500, with an agreement that the lien as to the $2500 note should be prior and superior to the lien as to the $500 note. On May 26, 1900, August Grosser filed his bill in the circuit court of Cook county to foreclose the trust deed as to the $500 note, which was then due, alleging that he did not own the $2500 note and had no interest in it or control over it, and praying that any decree of sale of the premises should be made subject to the lien of the trust deed for the indebtedness secured thereby, except as to the amount that might be found due him on the $500 note. He also alleged that he owned a note secured

by a second trust deed executed by Robert Grosser and wife on April 20, 1896, upon the same lot to him as trustee, for $1004, payable five years after date with interest at six per cent. He made Haugan, the trustee in the first trust deed, and his successor in trust, and himself, trustee in the second trust deed, and other parties, defendants. A decree was entered finding that there was due August Grosser $605.91 and $100 for solicitor's fees, and it was ordered that the mortgaged premises be sold, and that the sale should be made subject to the continuing lien of the trust deed for the payment of the $2500 note secured thereby, and any other amount that might be due or thereafter accrue on the said trust deed in addition to the amount thereby found due the complainant, August Grosser. It was ordered that the master, after payment of costs and expenses, should pay the complainant the amount so found due him, and if there was any surplus should pay the complainant $1255, with interest from June 23, 1900,—the amount due on the note secured by the second trust deed. A sale was made pursuant to the decree and according to its terms, subject to the continuing lien of the first trust deed as to the $2500 note. The amount realized was not sufficient to pay the amount found due on the $500 note. August Grosser was the purchaser and a master's certificate of sale was made and delivered to him. After executing the trust deeds Robert Grosser sold and conveyed the lot, and it passed by subsequent conveyances to Arcadius Budda on October 30, 1900. Augusta Jackson, appellant, was a judgment creditor of Arcadius Budda, and no redemption having been made by any of the defendants within twelve months after the sale, she paid to the sheriff on November 4, 1901, $740.67, the amount necessary to redeem from the sale. An execution on her judgment was levied on the lot, and on December 3, 1901, it was sold to her by the sheriff for the amount of the redemption money, interest and costs, and the sheriff conveyed the lot to her in accordance with the statute. On December 2, 1901, Gustav

A. Grosser, the appellee, and Helge A. Haugan, trustee, filed their bill in this case in the circuit court to foreclose the trust deed as to the $2500 note, alleging that appellee was the legal holder and owner of the note; that the previous foreclosure proceeding as to the $500 note by August Grosser was had, and that the decree and sale were subject to the continuing lien of the trust deed as to the $2500 note. It was also alleged that appellant had redeemed the lot from the previous sale, and she was made one of the defendants. She answered, denying that her title to the property was subject or subordinate to the rights of the appellee or subject to the lien of the trust deed to secure the payment of the $2500 note. The cause was referred to a master in chancery, who took the evidence and reported his conclusions that appellee had a valid lien on the premises to the amount of $2500 and the unpaid interest thereon; that the rights of appellant were subject to the continuing lien of the trust deed for the payment of the same, but that the bill was prematurely filed for the reason that there had been no default in the payment of said note. The cause was heard on exceptions of both parties, and a decree was entered foreclosing the trust deed and ordering a sale for the amount due appellee on his note with a solicitor's fee of $100 and costs, and providing that if a surplus should remain the master should bring it into court, and reserving all question of the rights and liens of August Grosser and appellant, as between themselves, for the further consideration of the court. The Appellate Court for the First District affirmed the decree.

Appellant's claims are, that it was error for the court, in the first foreclosure suit of August Grosser, to decree that the sale for the payment of the $500 note should be made subject to the lien of the trust deed as to the $2500 note; that priority of lien as between the two notes secured by the trust deed was determined by the order in which they became due and payable, and that by a foreclosure of a trust deed for part of the mortgage debt the part of the

debt not included in the foreclosure is released by law. If the part of the debt not included in the first foreclosure would have been released by operation of law if it had not been otherwise provided in the decree, it was not released when the court having jurisdiction of the parties and the subject matter decreed that it should not be, and that the foreclosure should be subject to the continuing lien of the trust deed as to the $2500 note not included in the foreclosure. This proceeding is a collateral one, and the claims now made constitute a collateral attack upon the decree of the court in the first foreclosure suit. The jurisdiction of the court over the persons and the subject matter was complete, and, whether the decree was erroneous or not, it was in full force and unreversed and binding upon all parties and all persons claiming through and under them. The court had no power in this suit to revise the decree in the former one or to determine whether it was erroneous or not. The de-· cree, pronounced by a court of competent jurisdiction, was binding and could not be attacked in any manner in this suit. (*Cody* v. *Hough,* 20 Ill. 43.) The sale under the foreclosure was made subject to the continuing lien of the trust deed to secure the payment of the $2500 note, and when appellant redeemed from that sale she acquired the rights of the purchaser under the sale and no more. She was chargeable with notice of the decree and terms of sale as shown by the record, and it is immaterial that the holder of the $2500 note was not a party to the first foreclosure. The complainant in that suit alleged in his bill, in accordance with his agreement, that his lien was subject to a prior lien to secure the $2500 note, and he took a decree subject to such prior lien, as he had an unquestionable right to do. By the sale and redemption therefrom appellant acquired all the rights and titles of the different parties to the suit, subject only to the lien reserved in the decree. The sale from which she redeemed was made under the first trust deed, which was superior to the lien of the second one, and there was no re-

demption by the holder of the second trust deed, so that the liens of all parties to the suit were cut off and the second trust deed ceased to be a lien on the premises. If there had been error in the first decree the court would have had no right to correct it in this suit; but there was no error, and it was competent for the parties, upon the sale by the State Bank, to enter into the agreement as to the priority of liens. (*Walker* v. *Dement,* 42 Ill. 272; *Romberg* v. *McCormick,* 194 id. 205.) No right of any person was injuriously affected by the agreement and the court did not err in carrying it out.

It is urged that the court erred in this suit in allowing a solicitor's fee of $100, and the argument is, that the provision of the trust deed for a solicitor's fee and the power of the court to allow such fee were exhausted by the allowance in the first foreclosure. Whether that is so depends upon the provision of the trust deed relating to solicitor's fees, and we do not find that provision in the abstract. Whether a fixed sum was agreed upon, which, when once allowed, could not be allowed again, or whether reasonable fees upon any foreclosure under the trust deed were to be allowed, does not appear by the abstract.

It is also insisted that the court erred in not finding that the suit was prematurely brought. When the $2500 note was offered in evidence there appeared endorsed upon the back an agreement for the extension of the time of payment beyond the time when the suit was commenced, but that agreement had been erased. There was no evidence when or by whom it was erased, and as the note then appeared it was due and the suit was not premature. There was no evidence of a valid extension of the time of payment until after the commencement of the suit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*