HOUSEHOLD FINANCE CORPORATION *v.* HELEN R. LIPNICKY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and TROLAND, Js.

Argued April 4—decided May 22, 1951

*Charles M. Lyman,* with whom was *Anthony I. Wells,* for the appellant (plaintiff).

*Charles G. Albom,* with whom, on the brief, was *Nelson Harris,* for the appellee (defendant).

BROWN, C. J. The plaintiff sued to recover of the defendant, as the joint maker with her husband of a note for $300 dated September 18, 1937, the balance

claimed due and unpaid. The defendant's answer included a general denial and the special defense of the six-year Statute of Limitations. In its memorandum of decision, the court stated that the note was signed by the defendant and her husband, that no payments tolling the statute had been proved, and that judgment should enter for the defendant. The plaintiff filed a motion to reopen the judgment which was rendered pursuant to the memorandum. The court denied the motion, and the plaintiff has appealed from this denial and from the judgment.

Two grounds were stated in the motion. The first was that the court had overlooked the claim of law alleged to have been made by the plaintiff that the note was a contract under seal within the rule laid down in *Caputo* v. *DiLoretto*, 110 Conn. 413, 416, 148 A. 367, so that the seventeen-year Statute of Limitations applied and rendered the question whether the defendant had made payments on account immaterial. The second was that there were in the files of the firm of Attorney Lyman, who participated in the trial, certain papers which, supplemented by his testimony or that of his partner, "would convince the Court beyond a reasonable doubt" that the payments on the note shown by the plaintiff's business records in evidence were in fact made by the defendant; that therefore, even if the six-year statute were applicable, it afforded no basis for a judgment for the defendant; and that notwithstanding the existence of this evidence Attorney Lyman, believing that the seventeen-year statute applied "and that the case had been otherwise sufficiently proved," had refrained from offering this evidence upon the conviction that under the circumstances neither he nor his partner "could properly testify under the code of professional ethics." See Practice Book, p. 16, § 21; *Nanos* v. *Harrison*, 97 Conn. 529, 530, 117 A. 803.

By the motion, the plaintiff sought the opportunity to offer the further evidence referred to, and, as appears by the finding as corrected by incorporating paragraph 24 of the draft finding, this evidence consisted of detailed, relevant and very material facts indicative that the note was executed by the defendant. The argument upon the motion, which is printed verbatim in the record, apparently convinced the court that the note was a "contract under seal" within § 8313 of the General Statutes, so that its seventeen-year period of limitation, instead of the six-year period provided in § 8315, was applicable.

In its original memorandum of decision, referring specifically to the six-year statute pleaded as a defense, the court stated that the defendant was entitled to judgment because the plaintiff had failed to prove any payment on the note which tolled the six-year statute, but it expressly declared that the "note was signed" by the defendant. In its memorandum denying the motion to reopen the judgment, although no further evidence had been received in the interval, the court said: "Under the pleadings the plaintiff had the burden of proof with respect to the execution of the note and certain payments allegedly made by the defendant. Sufficient evidence was not introduced to satisfy this burden." This is reiterated in the finding in the court's conclusion that the plaintiff failed to sustain its burden of proof because "[s]ufficient evidence was not introduced to show that the defendant signed the note in question." The flat contradiction in the conclusions reached by the court upon the vital issue whether the defendant executed the note, manifest in the language quoted from its two memoranda, discloses such a state of mind on the part of the court that its failure to permit, as an assistance to it in resolving the issue, any further evidence reasonably available, and particularly

any so obviously pertinent as that which the plaintiff offered, can only be regarded as constituting a denial of justice. Under the peculiar circumstances referred to, it is unnecessary to discuss whether the code of professional ethics warranted the plaintiff in refraining from offering at the trial the evidence which was available only through the testimony of Mr. Lyman or his partner, and whether it was within the power of the plaintiff at the time of trial to produce certain other evidence upon the issue. While the court referred to these matters in its memorandum denying the motion to reopen the judgment, it is our conclusion that, regardless of the situation in these particulars, upon the present record, for the reason we have stated, the denial of the motion amounted to an abuse of the court's discretion, and that therefore the plaintiff is entitled to a new trial. *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 A. 114; *Ideal Financing Assn.* v. *LaBonte,* 120 Conn. 190, 195, 180 A. 300; *Huntington* v. *Birch,* 12 Conn. 142, 154.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion BALDWIN, INGLIS and TROLAND, Js., concurred.

JENNINGS, J. (dissenting). The finding supports the conclusion. I dissent on the ground that the case is controlled by the rule enunciated in the following cases: *Duncan* v. *Milford Savings Bank,* 134 Conn. 395, 402, 58 A. 2d 260; *Palverari* v. *Finta,* 129 Conn. 38, 43, 26 A. 2d 229; *Hoey* v. *Investors' Mortgage & Guaranty Co.,* 118 Conn. 226, 231, 171 A. 438; *Jarvis* v. *Martin,* 77 Conn. 19, 21, 58 A. 15.